[No. 15828.  Department One.  August 3, 1920.]

# THE STATE OF WASHINGTON, *Respondent*, v. HERMAN HESSEL, *Appellant*.[1]

INTOXICATING LIQUORS (30)—OFFENSES—ILLEGAL POSSESSION—INTENT TO SELL—OVERT ACT.  Laws of 1917, § 17h, defining a "bootlegger" as any person who carries about intoxicating liquor with the purpose of unlawful sale of the same, and declaring such crime to be a felony, is not unconstitutional in that it attempts to punish an intent to do an act not coupled with an overt criminal act, since it is not the intent which is punished, but the act of peddling liquor with intent to sell it.

CRIMINAL LAW (461)—CRUEL OR UNUSUAL PUNISHMENT—SEVERITY OF SENTENCE FOR BOOTLEGGING.  The fact that Laws of 1917, § 17h, declares the offense of bootlegging to be a felony, while other sections of the act merely make it a misdemeanor to sell liquor unlawfully, is no reason for declaring such section unconstitutional on the ground that it provides for cruel and unusual punishment, the legislature apparently deeming such offense more subversive of the morals of the community than that of possession or isolated sales.

SAME (110-112)—EVIDENCE OF OTHER OFFENSES—INTENT—ADMISSIBILITY.  Upon a prosecution for bootlegging, under Laws of 1917, § 17h, it is proper to admit evidence of separate and distinct unlawful sales in order to prove guilty intent.

INTOXICATING LIQUORS (51)—BOOTLEGGING—INSTRUCTIONS ELIMINATING OTHER OFFENSES.  Upon a prosecution for bootlegging, under Laws of 1917, § 17h, it is error to refuse requested instructions that defendant was not being prosecuted for other offenses and could only be convicted of carrying liquor about for the purpose of unlawful sale, where the jury might be misled by evidence of sales which was admitted to show intent, or evidence which might induce the belief that defendant had solicited orders or kept a place for the unlawful sale of liquor.

SAME (51)—BOOTLEGGING—INSTRUCTIONS AS TO OTHER OFFENSES.  In a prosecution for bootlegging, under Laws of 1917, § 17h, it is error for the court to instruct that it is not necessary for the state to prove matters and things contained in the balance of the section, which the court had just quoted, as it tended to confuse the issue by calling attention to matters upon which there was no evidence, and to a crime with which defendant was not charged.

[1]Reported in 191 Pac. 637.

CRIMINAL LAW (329)—TRIAL—INSTRUCTIONS AFTER SUBMISSION OF CASE. The giving of instructions by the court on its own motion, after the jury had retired, and without request from jury or counsel, is not to be commended, though the error may not have been prejudicial.

INTOXICATING LIQUORS (50)—BOOTLEGGING—EVIDENCE—SUFFICIENCY. The evidence is sufficient to sustain a conviction of bootlegging, under Laws of 1917, § 17h, where it shows a sale of bottled whiskey to the prosecuting witness in a hotel room, and though the evidence was stronger in tending to show unlawful possession or an unlawful sale, yet there was sufficient from which the jury might have found that defendant was guilty of the crime charged, and not of unlawful possession or sale.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered December 11, 1919, upon a trial and conviction of the unlawful possession of intoxicating liquor. Reversed.

*Chas. W. Johnson,* for appellant.

*E. M. Gibbons* and *C. M. O'Brien,* for respondent.

MACKINTOSH, J.—The defendant was tried and convicted under chapter 19, Laws of 1917, p. 60 § 17 (h), which provides: ". . . any person who carries about with him intoxicating liquor with the purpose of the unlawful sale of the same be, and is hereby defined to be, a bootlegger. Any person convicted of being . . . a bootlegger as herein defined shall be guilty of a felony."

The appellant urges, first, that this section is unconstitutional for the reason that it attempts to provide for the punishment of an intent to do an act, not coupled with an overt criminal act, and bases his argument upon the case of *Proctor v. State,* 15 Okl. Cr. 338, 176 Pac. 771. The fallacy of appellant's argument and the decision upon which he relies, lies in this —that they overlook the fact that the section in question is aimed at the carrying around of liquor for

the purpose of selling it, and that it is not the intent which is being punished but the act of peddling liquor with the intent to sell it. A person cannot be punished for merely possessing an unlawful intent, but he may be punished for acts which are forbidden but are not *malum in se* if they are coupled with an unlawful intent. The statute is one against the peddling of liquor as a business, and that avocation, connected with the intent of disposing of the liquor, furnishes the overt act which must accompany the intent in order to constitute the crime.

It is also urged against the constitutionality of this section that it violates Const., art. 1, § 3, and the eighth amendment to the Federal constitution, in that it provides for cruel and unusual punishment, the section making it a felony to carry liquor about with the intent of selling it, whereas other sections of the act merely make it a misdemeanor to sell liquor unlawfully; in other words, that the lesser crime in fact is punished by the severer penalty. It might be that a very plausible argument can be made based on this hypothesis, but the fault lies in that the hypothesis is false. The offenses of selling liquor unlawfully, or possessing it unlawfully, were deemed by the legislature to merit punishment as misdemeanors; but the engaging in the business of bootlegging, which we have defined as the peddling of liquor with intent to unlawfully dispose of it, was deemed by the legislature more subversive of the morals of the community than an isolated sale or possession, and we cannot say that a person who is engaged in that business does not deserve severer punishment than one who is convicted of merely making a sale, or having liquor in his possession.

"The States as a part of their police power have a large measure of discretion in creating and defining criminal offences." 12 C. J. 1185. The legislature had a right to take into consideration the general experience in attempts to suppress the illegal sale of liquor and to draw upon that experience in determining that persons who carry liquor about with them with the intent to sell it should be more severely punished than persons who have liquor in their possession or might make a sale thereof. The element of intent is a part of the crime of bootlegging and the legislature in fixing the punishment considered that. "The purpose of our law is to graduate punishment according to the guilt involved." 1 Wharton, Criminal Law (11th ed.), p. 13. We see no merit in this objection to the constitutionality of the section: The recent case of *State v. Burgess,* 111 Wash. 537, 191 Pac. 635, had under consideration the companion offense of being a jointist, and this court there arrived at the conclusion that the statute in that regard was constitutional, and we now hold that the statute defining and punishing bootlegging is constitutional.

The appellant urges that evidence was improperly admitted of separate and distinct unlawful sales of liquor. One of the elements of the crime necessary for the state to prove is the purpose for which the liquor was carried about, and in order to show that purpose and intent evidence of various sales was admissible. The case of *State v. Smith,* 103 Wash. 267, 174 Pac. 9, cited by appellant, was a case in which the act charged against the defendant characterized the offense and was proven by proving the act. Here the guilty intent must be proven by acts other than the act of carrying liquor about and proof of sales was com-

petent to prove that intent. *State v. Raymond,* 24 Conn. 204.

A considerable confusion appears in the record by reason of exceptions taken to the refusal to give requested instructions, and exceptions taken to instructions given. The appellant requested that the court instruct the jury that he was not being prosecuted for the sale of intoxicating liquor, or with the taking or soliciting of orders for the purpose of selling intoxicating liquors, or with maintaining a place for the sale of intoxicating liquors, and that he could only be convicted of carrying liquor about with him for the purpose of unlawful sale, and that this did not mean "transporting liquor from one given place to another with no intention of sale while being so transported."

In view of the fact that the jury might easily be misled by the evidence of sales which was introduced solely for the purpose of showing intent, and by evidence which might have allowed the jury to believe that the appellant had solicited orders, or that he might be maintaining a place for the unlawful sale of liquor, these instructions should have been given. Although, as a general rule, the court is not required to inform the jury with what crimes the defendant is not charged, we have no question here of requested instructions of a lower offense than that charged, but it was desired to have the court call the jury's attention to matters which involved other offenses, with which the appellant was not charged.

It is also urged that the court erred in giving instruction No. 7, which reads:

"Other sections of the statute under which this prosecution is brought are as follows: It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering

to a religious congregation, to have in his possession any intoxicating liquor other than alcohol.

"In any prosecution for the violation of any provision of this act it shall be competent to prove that any person, other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, had in his possession any intoxicating liquor other than alcohol, and such possession and proof thereof shall be *prima facie* evidence that said liquor was so held and kept for the purpose of unlawful sale or disposition.

"And I instruct you further that it is not necessary for the state in this prosecution to allege in the information that the defendant is not a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, and it is not necessary for the state to prove in this case that the defendant is not or was not a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation.''

The court then goes into the other portion of § 17h in which is contained the prohibition against bootlegging; then he proceeds to tell the jury that it is not necessary for the state to prove matters and things contained in the balance of the section which the court had just quoted. This was clearly erroneous and prejudicial, as it tended to confuse the issue before the jury, by calling their attention to matters upon which there was no evidence, and to a crime with which the defendant was not charged.

It is next urged as error that, after the jury had retired at the conclusion of the argument, and without any request from the jury or from counsel, and after the jury had been deliberating, the court, on its own motion, called the jury back for additional instructions. Rem. Code, § 352, provides for further instruction to the jury, and although the error complained of

may not have been prejudicial, it is a practice which ought not to be recommended.

It is finally contended that there is no evidence upon which the verdict of bootlegging could be returned. The evidence shows that a sale was made to the prosecuting witness of bottled whiskey in a hotel room at Connell. While the evidence in the case is stronger in proof of the appellant's guilt of unlawfully having liquor in his possession or of having made an unlawful sale of it, there was some evidence tending to prove that he was guilty of bootlegging, that is, of peddling liquor with intent to sell it. There was enough evidence from which the jury might have found that the state had proved that the appellant was engaged in the business of carrying liquor about with the intent to sell it, and that the appellant did more than to have liquor in his possession and sell it.

For the reasons indicated in this opinion, the judgment will be reversed and a retrial ordered.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.