[No. 16226.    Department One.    March 29, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. ARCHIE
TURNER, *Appellant*.[1]

WITNESSES (106)—CROSS-EXAMINATION—EVIDENCE OF FORMER CONVICTION. Under Rem. Code, § 2290, where a defendant in a criminal case admitted on cross-examination that he had been convicted of an offense, but denied that he had been convicted of two offenses of a like nature, it was not error to permit the introduction of certified copies of the record of two convictions for the purpose of impeaching his credibility.

CRIMINAL LAW (297) — TRIAL — INSTRUCTIONS — DEGREE OF OFFENSES. In a prosecution for the unlawful sale of intoxicating liquor, where the only evidence was addressed to the fact of illegal sale, it was proper for the court to refuse to instruct the jury that they might find the defendant guilty of the lesser offense of unlawful possession of intoxicating liquor.

INTOXICATING LIQUORS (6) — PROHIBITION — BOOTLEGGING — 18TH AMENDMENT. Prosecution under state laws for bootlegging and conducting illegal liquor joints is lawful as in aid of the enforcement of the 18th amendment to the constitution of the United States and the Volstead act passed pursuant thereto.

SAME (50)—CRIMINAL PROSECUTIONS—EVIDENCE—SUFFICIENCY. In a prosecution for the illegal sale of intoxicating liquor, testimony of a witness that he purchased moonshine whiskey from the defendant, but could not recollect whether it had any intoxicating properties, was sufficient to uphold conviction.

CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—ARGUMENT OF COUNSEL. Misconduct of the prosecuting attorney in asking accused whether he had been convicted of living off the earnings of a fallen woman was harmless error, where the court restricted the answer to the fact of conviction of a previous offense and did not permit the prosecutor to parade the nature of the offense before the jury.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered August 2, 1920, upon a trial and conviction of the crime of bootlegging. Affirmed.

*O. T. Webb* and *Coleman & Fogarty,* for appellant.
*Thos. A. Stiger* and *Q. A. Kaune,* for respondent.

[1]Reported in 196 Pac. 638.

HOLCOMB, J.—The first assignment of error upon which appellant seeks a reversal of the verdict and judgment of conviction is the admission in evidence of two exhibits offered by the state showing the conviction of appellant of other offenses.

These exhibits were certified copies of the record of convictions upon pleas of guilty of offenses against the liquor laws in Whatcom county.

Appellant had offered himself as a witness and, upon cross-examination, had been asked if he had been convicted in Whatcom county of any offense, and he testified that he had, of one offense. He was then asked if he had not been convicted of two offenses of a like nature, and he said that he had not. Thereupon the state offered the exhibits containing the certified copies of the record of two convictions, upon two pleas of guilty on the same day, of like offenses. It so happens that these convictions were for offenses akin to the offense upon which appellant was being tried herein, but the evidence had not been offered as original, independent evidence on the part of the state, but only as evidence tending to affect his credibility as a witness, and the court so limited the evidence in instructing the jury, as follows:

"The fact that the defendant has previously been convicted of other offenses under the laws of this state, is not of itself any evidence of his guilt in this case. It is, however, a circumstance to be weighed and considered by you in the determination of what weight or credibility should be allowed his testimony as a witness in this case."

Section 2290, Rem. & Bal. Code, enacted in the criminal code of 1909, provides:

"Every person convicted of a crime shall be a competent witness in civil or criminal proceedings, but his conviction may be proved for the purpose of affecting

the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relative to that inquiry, *and the party cross-examining shall not be concluded by his answer thereto.*" (Italics ours.)

Upon the same question, in *State v. Overland,* 68 Wash. 566, 123 Pac. 1011, we said:

"Whatever may have been the rule prior to the adoption of the criminal code, it is now the law that, when a party accused of crime offers himself as a witness, it may be shown that he has been previously convicted of a crime. This question is settled by the statute (Rem. & Bal. Code, § 2290), and by at least two decisions of this court based thereon. *State v. Blaine,* 64 Wash. 122, 116 Pac. 660; *State v. Stone,* 66 Wash. 625, 120 Pac. 76.

"Nor does the statute make or retain the old distinctions between proofs of misdemeanors and of felonies. Conviction of a crime may be shown, and a crime, by the terms of the statute, 'is any act or omission forbidden by the law and punishable on conviction by death, imprisonment, fine or other penal discipline.'"

Nor is the statute to be construed as compelling the prosecution to be content with the proof of a single conviction of an offense in producing evidence of that character to affect the credibility of the accused. *State v. Smith,* 103 Wash. 267, 174 Pac. 9, cited and quoted by appellant, is not applicable to this question, for in that case independent, original evidence of other offenses was offered by the state for the purpose of showing the tendency of the appellant in that case to commit the crime charged. The evidence was rejected by this court and the former cases of this court distinguished upon that question. The exhibits were, therefore, properly received.

The second assignment of error claimed by appellant is that the court erred in refusing to instruct the jury that, if the evidence so warranted, they might find the defendant guilty of the lesser offense of unlawful possession of intoxicating liquor.

The court refused this instruction for the reason stated, that a sale having been testified to by the state's witness, the appellant, if guilty at all, was guilty of the crime charged in the information, or a felony.

It is true that we have said that the bootlegging statute is one against the peddling of liquor as a business, and that unlawful possession of liquor is one of the essential elements of the crime of being a bootlegger. *State v. Hessell,* 112 Wash. 53, 191 Pac. 637.

In this case, however, the testimony of the state's principal witness, Hatvedt, that he had purchased one drink, at the time alleged, from appellant, which was delivered to him in a glass in the rear of a pool hall, and that the liquor delivered to him by appellant was moonshine whiskey, there being no other evidence of the possession of any unlawful liquor by appellant except that delivered to the state's witness, the offense charged was either consummated by the sale to the state's witness, as testified to, or there was no offense committed at all. In other words, unless appellant consummated the crime of having intoxicating liquor in his possession and carrying it about with him with intent to sell is evidenced by the fact that he did sell then and there to the state's witness, he had no liquor at all; and there is no justification for instructing the jury that they might find the defendant guilty of the lesser offense of the unlawful possession of intoxicating liquor. While we have always held that the jury has a right, under our criminal code, to determine the degree of the offense which was committed, we have

also uniformly held that that determination must be based upon evidence. In *State v. Robinson,* 12 Wash. 349, 41 Pac. 51, 902, it was squarely held that the testimony controlled the instructions and the verdict, and that it was the duty of the jury, if they entertained a reasonable doubt of the defendant's guilt of the only crime which the evidence tended to prove, to acquit, and not compromise or find him guilty of a lower grade of offense.

In *State v. McPhail,* 39 Wash. 199, 81 Pac. 683, after a review of our own decisions and of the authorities generally, it was decided that the defendant could only be convicted of the lesser degree when there is testimony to sustain such conviction.

In *State v. Kruger,* 60 Wash. 542, 111 Pac. 769, it was held that:

"It is true that the greater includes the less, but the defendant is not guilty of either unless the testimony brings him within the definition of a crime. It was never the intent of the law to submit a possible verdict upon a so-called included crime because included in law. It must be included in fact, and by the facts of the particular case."

In *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449, a prosecution for murder in the first degree, it was held that, in the prosecution for murder, the right of the jury to determine the degree of the offense given by statute must be based on the evidence, and the court need not instruct thereon where there was no evidence tending to show the commission of a lesser offense. And in that case it was held that there was no evidence justifying the submission of the lesser degrees of murder and manslaughter rather than that of murder in the first degree as charged. See, also, *State. v. Gottstein,* 111 Wash. 600, 191 Pac. 766.

It is next contended that appellant's motion in arrest of judgment should have been sustained, because the eighteenth amendment to the constitution of the United States and the Volstead act passed pursuant thereto supersedes our state laws regarding the prohibition of the manufacture, sale and transportation of intoxicating liquors.

Whatever may be the precise effect of the eighteenth amendment and the Volstead act passed pursuant thereto, it cannot be said that, so far as the statute prohibiting bootlegging and conducting illegal joints are concerned, they are not in aid of the enforcement of the eighteenth amendment, and the eighteenth amendment permits the passage and the enforcement of laws which were enacted either before or after that amendment which tend to the enforcement of the amendment; that power being specifically reserved as concurrent with the power of the Federal government. *Rhode Island v. Palmer,* 253 U. S. 350.

The last assignment of error is that the court erred in overruling appellant's motion for a new trial for error of law occurring at the trial, and that the verdict was contrary to the evidence. It is first argued that the verdict is contrary to the evidence for the reason that the state's principal witness, Hatvedt, although he testified that the liquor he purchased from appellant at the time alleged was moonshine whiskey, said that he could not recollect that it had any intoxicating properties, or intoxicating effect upon him. He testified, however, that he had frequently bought moonshine whiskey from appellant, and that that was what he bought on this occasion, and that he was satisfied with it. While he might have been to some extent immune from the effect of such liquor, it does not dispute the specific testimony that it was moonshine whiskey and was so

understood by him and by appellant as the article that was purchased by him and sold by appellant. It need not be proven in such case that the immediate effect of one drink is intoxication.

It is also urged that the prosecution was guilty of misconduct which prevented the appellant from having a fair and impartial trial, for the reason that appellant was asked, when testifying, if he had not previously been convicted in Spokane county of the offense or crime of living off the earnings of a fallen woman.

Upon objection by appellant, the court refused to permit appellant to testify what the nature of the offense was or what he was convicted of in Spokane county, but did permit him to answer whether or not he had been convicted, and he testified that he had. This also falls within the statute, § 2290, *supra,* and the decisions regarding the same. The prosecuting attorney was not permitted to parade before the jury the nature of the offense of which he had been convicted, so as to prejudice him in the eyes of the jury.

We can find no error, and the judgment must be affirmed.

PARKER, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.