[No. 16227. Department One. June 21, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED E. WOODS *et al.*, *Appellants.*[1]

CRIMINAL LAW (55)—FORMER JEOPARDY—INTOXICATING LIQUORS— DIFFERENT OFFENSES IN SAME ACT. An acquittal of the offense of opening up, conducting and maintaining a place for the sale of intoxicating liquors would not be a bar to a subsequent prosecution for unlawfully having in possession intoxicating liquors, though the two prosecutions were based upon substantially the same evidence, since the one offense is not included within the other under the provisions of the statute relating to intoxicating liquors.

INTOXICATING LIQUORS (30)—OFFENSES—ILLEGAL POSSESSION. Under a statute making the possession of intoxicating liquor unlawful, it is no defense to a prosecution therefor that defendants came into possession thereof during the time when, under the laws of the state, such possession was lawful.

SAME (6)—PROHIBITION—POSSESSION OF INTOXICATING LIQUOR— EIGHTEENTH AMENDMENT. The Volstead Act, passed pursuant to the 18th amendment to the constitution of the United States, does not supersede the state statute relating to the unlawful possession of intoxicating liquors.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 26, 1920, upon a trial and conviction of the crime of unlawful possession of intoxicating liquor. Affirmed.

*O. T. Webb* and *Coleman & Fogarty,* for appellants.

*Thos. A. Stiger* and *Q. A. Kaune,* for respondent.

FULLERTON, J.—The defendants, Wood and wife, were convicted in the superior court of Snohomish county upon an information charging them with the offense of unlawfully having in their possession intoxicating liquor other than alcohol, and appeal from the judgment and sentence pronounced against them.

At the time of their arraignment upon the information, the defendants, in addition to a plea of not

[1]Reported in 198 Pac. 737.

guilty, interposed a plea of former acquittal of the offense charged. At the trial, in substantiation of the latter plea, they offered in evidence the record of a cause in the superior court of Snohomish county, in which they had been tried for and acquitted of the crime of being jointists; that is, of the crime of opening up, conducting and maintaining a place for the unlawful sale of intoxicating liquor; offering in the same connection to show that the evidence introduced on behalf of the state to secure a conviction in that case was substantially the same evidence as the evidence on which the state relied for conviction in the instant case. The trial court excluded the proffered evidence, and its action in so doing forms the basis of the first error assigned. But we find no error in the ruling. The acquittal in the one case could operate as a bar to a conviction in the other only on the principle of included offenses, and we think it manifest that the offense of opening up, conducting and maintaining a place for the sale of intoxicating liquor does not necessarily include the offense of unlawfully having intoxicating liquor in possession. There is no necessary connection between the two offenses. A person may open up, conduct or maintain a place for the sale of intoxicating liquor, without himself engaging in such sale; he may do so for the purpose of furnishing a place for the sale of such liquor by others. An information for the one offense therefore would not inform a defendant that he must meet the other, and it must follow that on a charge of the one he could not be legally convicted of the other. The converse of the proposition must also follow, namely, that an acquittal of the one offense will not bar a conviction of the other.

The case of *State v. Burgess,* 111 Wash. 537, 191 Pac. 635, cited and relied upon by the defendants, rather supports than militates against the conclusion

here reached. The precise question was not there presented, but it was recognized that a person might be guilty of a violation of this particular section of the statute without himself having unlawful possession of intoxicating liquor.

Nor does the case of *State v. Spillman*, 110 Wash. 662, 188 Pac. 915, support a contrary view. We were there considering the clause of the statute relating to bootleggers—persons who carry about with them intoxicating liquor for the purpose of unlawful sale— and held that the offense of unlawful possession of intoxicating liquor was necessarily included in the offense of bootlegging, as a person could not well carry about with him intoxicating liquor for the purpose of unlawful sale without having unlawful possession of such liquor. But the holding does not require the further holding that the offense of unlawful possession is necessarily included in the offense of being a jointist.

The appellants requested the court to give to the jury the following instruction:

"You are further instructed that even though you should be convinced beyond a reasonable doubt, that the defendants did, at the time and place set forth in the information, have in their possession intoxicating liquor, yet I instruct you that if you believe that said defendants came into lawful possession of said liquor during the time when, under the laws of this state, it was lawful to have possession of intoxicating liquor, or should you have a reasonable doubt as to such fact, then you must acquit the defendants."

This instruction the court refused and the second error assigned is predicated thereon. But the question suggested does not require extended discussion. It was before us in the case of the *State v. Giaudrone*, 109 Wash. 397, 186 Pac. 870, where we determined, in harmony with the view here taken by the trial court, that

the manner of the acquisition of intoxicating liquor did not affect the question of rightfulness of possession.

Finally, it is contended that the statute under which the appellants were convicted is superseded by the Federal statute, commonly known as the Volstead act, enacted pursuant to the Eighteenth amendment to the Federal constitution (see 41 U. S. Statutes at Large, p. 305). But this question was likewise before us in *State v. Turner*, 115 Wash. 170, 196 Pac. 638, where a conclusion contrary to the contention was reached. The question there involved, it is true, related to the other provisions of our act—the provisions relating to "jointists" and "bootleggers"—but the principle announced is determinative here.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.