[No. 16102. Department Two. July 29, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY
GREENWALD et al., *Appellants*.[1]

INTOXICATING LIQUORS (42)—OFFENSES—"JOINTIST"—INFORMATION
—SUFFICIENCY. Under Laws 1917, ch. 19, § 17h, declaring that any
person who opens up, conducts or maintains a place for the unlaw-
ful sale of intoxicating liquor is a "jointist," an information charging
that defendants on a certain date "did then and there wilfully,
unlawfully and feloniously conduct and maintain" a certain place,
"the said place then and there being a place for the unlawful sale of
intoxicating liquor," sufficiently charged the crime of being jointists.

SAME    (50) — OFFENSES — "JOINTIST" — EVIDENCE — SUFFICIENCY.
Though the main purpose of defendants' business is the operation
of a restaurant or inn, evidence of occasional sales or gifts of liquor
is sufficient to carry the question of guilt to the jury in a prosecution
for the crime of being jointists.

SAME (51) — "JOINTIST" — INSTRUCTIONS AS TO OTHER OFFENSES.
In a prosecution for the crime of being jointists, it was error to in-
struct the jury that, on the day of the offense charged, it "was un-
lawful for any one to give away, furnish, or exchange intoxicating
liquor in any manner whatsoever, except for use in sacramental pur-
poses," such instruction defining a crime not charged against the de-
fendants.

[1]Reported in 199 Pac. 730.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 17, 1920, upon a trial and conviction of being a jointist. Reversed.

*Wm. R. Bell* (*J. Kalina*, of counsel), for appellants.

*Malcolm Douglass* and *John D. Carmody*, for respondent.

MAIN, J.—The defendants in this case were charged by information with the crime of being jointists. Motion for a new trial and in arrest of judgment being made and overruled, they appeal to this court.

The charging part of the information is as follows:

"They, said Harry Greenwald and Jennie Greenwald, and each of them, in the county of King, state of Washington, on the 9th day of November, 1919, did then and there wilfully, unlawfully and feloniously conduct and maintain a place known as Motor Inn, situate on the Pacific Highway near the town of Auburn, in said county and state, the said place then and there being a place for the unlawful sale of intoxicating liquor."

It is first claimed that the information is not sufficient, in that it does not contain a plain and concise statement of the facts constituting the offense charged. The information is very similar in language to that which was before the court in the case of *State v. Rousseau*, 111 Wash. 533, 191 Pac. 634, where the information was sustained. Under the statute (Laws of 1917, ch. 19, p. 60, § 17h), any person who opens up, conducts or maintains a place for the unlawful sale of intoxicating liquor "be and hereby is defined to be a 'jointist.'" It is the opening up and maintaining of the place and not the actual sale which constitutes the offense, but proof of an illegal sale or sales is admissible to show for what purpose the place was kept. In 2 Woollen

and Thornton, The Law of Intoxicating Liquors, p. 1093, it is said:

"In all such instances it is the keeping of the place or public bar for an illegal purpose (or, in the last instance, for the sale of liquors) that constitutes the offense and not an actual illegal (or even other) sale. Therefore, to commit the offense a sale is not necessary and one need not be proven; but proof of an illegal sale or sales, is admissible to show for what purpose the place was kept."

Under the rule restated in *State v. Randall*, 107 Wash. 695, 182 Pac. 575, the information was sufficient.

It is further claimed that the evidence was not sufficient to establish the crime charged, and that the trial court erred in not sustaining either the motion for a directed verdict, made at the conclusion of the evidence, or the motion in arrest of judgment, presented after verdict. The tenor of the argument here is that, since the appellants were engaged in the business of operating a restaurant or inn for the convenience of motorists on the Pacific Highway near Auburn, in King county, and incidentally selling cigars, etc., that if, on a single occasion, or on several isolated occasions, they sold, or attempted to sell or give away, intoxicating liquor, they would not be guilty of the crime of being jointists. It is not necessary in order to establish the crime that the evidence should show that the principal purpose for which the place was opened up or conducted was the unlawful sale of intoxicating liquor. Even though the keeping of the place for the sale of intoxicating liquor was not its principal purpose, the offense may be as complete as if the entire building had been kept for that purpose. In 2 Woollen and Thornton, The Law of Intoxicating Liquors, p. 1094, it is said:

"Even though the keeping of the building for sales is not the main purpose of keeping it, yet the offense is as complete as if the entire building had been kept for that purpose."

The evidence was sufficient to carry the question of the guilt or innocence of the appellants to the jury.

The next question is whether there was error in the instructions by which the cause was submitted to the jury. Instructions 1, 2 and 3 are as follows:

"(1) Under the law of this state any person who opens up, conducts, or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, is defined to be a jointist.

"(2) You are further instructed that it is, and on the 9th day of November, 1919, was unlawful for anyone to give away, furnish, or exchange intoxicating liquor in any manner whatsoever, except for use in sacramental purposes.

"(3) To convict the defendants, or either of them of the offense herein charged, the state must prove to you beyond a reasonable doubt that the defendants, or either of them, in the county of King, state of Washington, on the 9th day of November, 1919, were conducting a place known as Motor Inn, situate on Pacific Highway near the town of Auburn in said county, and that at that time the said Motor Inn was a place for the unlawful sale of intoxicating liquor."

In instruction one is defined the crime of being a jointist. In instruction two the jury are told that it was unlawful on the 9th day of November, 1919, the date the crime charged is alleged to have been committed, for any one to give away, furnish or exchange intoxicating liquor in any manner whatsoever, except for use in sacramental purposes. This instruction defines a crime not charged and of which, under the evidence, the jury might have found the appellants guilty. In instruction three the jury were told that, before

there could be a conviction, it was necessary for the state to prove that the appellants, on the 9th day of November, 1919, were conducting a place known as Motor Inn and that, at the time, this inn was a place for the unlawful sale of intoxicating liquor. This instruction tells the jury what it is necessary for them to find in order to convict the appellants, or either of them, of the crime charged. The jury are nowhere told that they may not convict the appellants, or either of them, of the crime defined in the second instruction.

In *State v. Hessel*, 112 Wash. 53, 191 Pac. 637, the defendant was charged with the crime of being a bootlegger. In submitting the case to the jury, there was an instruction to the effect that it was unlawful for any person other than a regularly ordained clergyman, priest or rabbi, to have in his possession any intoxicating liquor other than alcohol. Other matters were referred to in the instruction of which there was no evidence. After giving these instructions, the court went into other portions of § 17h, ch. 19, p. 60, Laws of 1917, in which is contained a prohibition against bootlegging, and told the jury that it was not necessary for the state to prove matters and things contained in the balance of that section which the court had just quoted. It was there held that the giving of the instruction with reference to a crime with which the defendant was not charged and calling the jury's attention to matters of which there was no evidence was erroneous and prejudicial, as it tended to confuse the issue before the jury.

In principle, the holding in that case cannot be distinguished from the present one. In § 17h, the crime covered by instruction number two in this case, and by one of the instructions given in the *Hessel* case, and the crimes of being a jointist and bootlegger, are

all defined. In this case the jury might have concluded, under the evidence, that the appellants were not guilty of the crime of being jointists, but they were guilty of the crime of having intoxicating liquor unlawfully in their possession. Here, as in the *Hessel* case, the giving of instruction number two tended to confuse the issue before the jury and was prejudicial.

The other question presented upon this appeal is such as is not likely to arise upon a second trial, and therefore it is not necessary at this time to consider it.

The judgment will be reversed, and the cause remanded for a new trial.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.