[No. 16492.  Department One.  January 26, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. R. R. COLE, *Appellant*.[1]

WITNESSES (106)—IMPEACHMENT—CROSS-EXAMINATION—EVIDENCE OF FORMER CONVICTION. A defendant, prosecuted on a criminal charge, who testifies as a witness in his own behalf, may, for the purpose of impeaching his credibility, be properly cross-examined as to his having been convicted of the unlawful sale of narcotics.

INTOXICATING LIQUORS (51)—OFFENSES—JOINTIST—PRESUMPTIONS FROM POSSESSION—INSTRUCTIONS. In a prosecution for being a jointist, an instruction on the presumption of possession from the finding of liquor on the premises of accused was not prejudicial because of the fact that others had access to the place, where the instruction was qualified by the statement that the presumption was rebuttable, and the jury were charged to determine from all the evidence whether defendant had been proved guilty beyond a reasonable doubt.

SAME (31)—OFFENSES—JOINTIST. An actual sale of intoxicating liquor is not essential to the crime of being a jointist.

SAME (6)—PROHIBITION — UNLAWFUL POSSESSION — EIGHTEENTH AMENDMENT. The eighteenth amendment and the Volstead Act have not superseded the state laws making possession of intoxicating liquors unlawful.

CRIMINAL LAW (9-1) — MERGER OF OFFENSES — STATE AND CITY LAWS. Where an accused was, by stipulation, tried at the same time on a charge of being a jointist and on a violation of a municipal ordinance making unlawful possession of intoxicating liquor a crime, the payment of a fine in one case would not entitle defendant to a dismissal after verdict on the other charge, since they were separate offenses.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered January 13, 1921, upon a trial and conviction of being a jointist. Affirmed.

*John M. Gleeson* and *A. G. Gray*, for appellant.

*William C. Meyer* and *Louis F. Bunge*, for respondent.

[1]Reported in 203 Pac. 942.

MITCHELL, J.—The defendant was convicted by a jury, in the superior court of Spokane county, of the crime of being a jointist. At the same time, before the same jury, by stipulation, he was tried and convicted upon complaint of the city of Spokane of the crime of unlawful possession of intoxicating liquor, in violation of one of its ordinances. There were two verdicts. A nominal fine imposed in the latter case was paid by him, and he has appealed from the judgment and sentence in the jointist case.

The first three assignments of error refer to overruled objections to questions asked in the cross-examination of the appellant as to his having been convicted of the unlawful sale of narcotics. He admitted the conviction upon a plea of guilty. The subject-matter of the cross-examination was for the purpose of affecting the weight of his testimony and, under the statute, was proper to be shown by a cross-examination of the defendant himself. Rem. Code, § 2290 (P. C. § 8725); *State v. Blaine,* 64 Wash. 122, 116 Pac. 660; *State v. Turner,* 115 Wash. 170, 196 Pac. 638.

Assignment 4 relates to an instruction with reference to the presumption of possession flowing from the finding of liquor on the premises of the accused at a place to which others had access. The instruction, as we understand from the record, was given for the purpose of the city's case for the unlawful possession of intoxicating liquor, and not in the jointist case. There was no error, however, in the instruction, for the statement complained of was qualified by the further statement that the presumption was rebuttable, and that the jury should determine from a consideration of all the evidence in the case whether the defendant had been proved guilty beyond a reasonable doubt.

Assignment 5 is that the court erroneously instructed the jury, in effect, that an actual sale of intoxi-

cating liquor is not essential to a conviction of the crime of being a jointist. The instruction was correct. *State v. Greenwald,* 116 Wash. 463, 199 Pac. 730.

Assignments of error 6, 7 and 8 relate to instructions given that manifestly were intended to cover the case of the city against the defendant, of which he cannot complain in this appeal.

The contention that the 18th amendment to the Federal constitution and the Volstead law enacted pursuant thereto have superseded the state law upon which conviction was had in this case is opposed and answered by the cases of *State v. Woods,* 116 Wash. 140, 198 Pac. 737, and *State v. Turner,* 115 Wash. 170, 196 Pac. 638.

The claim that the superior court should have dismissed the case after verdict upon the showing that the appellant had paid the fine imposed upon his conviction in the case of the city against him is without merit. Of course, it was not plead as a defense or bar in the present case, and besides, upon stipulation, it was tried with this case as a separate offense, and it was, indeed, a separate and distinct offense. *State v. Woods,* 116 Wash. 140, 198 Pac. 737.

The motion for a new trial having no argument to support it, other than the matters already discussed, was properly denied.

Judgment affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.