[No. 17126.   Department One.   October 6, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. A. F.
McFEE *et al., Appellants.*[1]

STATUTES (33-36)—AMENDMENT—TIME FOR ENACTMENT OF STAT-
UTE—CONSTRUCTION.  The prohibition initiative measure took effect
on the thirtieth day after it was submitted, and the amendment of
1917 was not, therefore, within the two-year limit of the seventh
amendment to the Constitution, prohibiting amendments of initia-
tive measures within that period.

INTOXICATING LIQUORS (6)—PROHIBITION—BOOTLEGGING—EIGHT-
EENTH AMENDMENT.  Prosecution under state laws for bootlegging
is lawful as in aid of the enforcement of the 18th amendment to the
constitution of the United States and the Volstead Act passed pur-
suant thereto.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered February 24,
1921, upon a trial and conviction of the unlawful pos-
session of intoxicating liquor.   Affirmed.

*Joseph J. Lavin* and *John T. Mulligan,* for appel-
lants.

*Roy C. Fox,* for respondent.

TOLMAN, J.—Appellants were informed against as
bootleggers, and by a verdict of a jury were found
guilty upon the included charge of unlawful possession
of intoxicating liquor.   From a judgment entered on
the verdict, they have appealed.

The first error assigned is that the court erred in
overruling the demurrer to the information.   No argu-
ment is made upon this assignment, and no attempt
made to point out any defect in the information.   Un-
aided, we have discovered no error in this ruling.

The next assignment is to the effect that the court
erred in overruling the challenge to the sufficiency of

[1]Reported in 209 Pac. 683.

the evidence, also unargued. We have read all of the testimony, examined the exhibits, except those containing liquids, and are abundantly satisfied that there was ample evidence to go to the jury, and that its verdict is fully sustained thereby.

It is, however, contended and argued at length that the state law upon which this prosecution is based is unconstitutional and void, or, if not, that it has been abrogated and superseded by the national law upon the same subject. The first point attempted to be made is that initiative measure No. 3 was not subject to amendment at the time of the enactment of the amendment of 1917, p. 60 (Rem. Comp. Stat., § 7328), adding § 17h, because of our constitutional provision, art. II, § 1, subd. c (Amend. 7), which reads:

"No act, law or bill approved by a majority of the electors voting thereon shall be amended or repealed by the legislature within a period of two years following such enactment."

This question has already been passed upon by this court adversely to appellants' contention in *Gottstein v. Lister,* 88 Wash. 462, 153 Pac. 595, Ann. Cas. 1917D 1008, where it was held that initiative measure No. 3 became a law on the 30th day after the election at which it was submitted, therefore the 1917 amendment did not offend against the constitutional provision quoted.

The last question as to whether our state law has been superseded by the Volstead act has likewise been decided against appellants' contention in *State v. Turner,* 115 Wash. 170, 196 Pac. 638, and *State v. Woods,* 116 Wash. 140, 198 Pac. 737.

The judgment is affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.