[No. 17263. Department One. October 20, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. H. MONTGOMERY, *Appellant.*[1]

INTOXICATING LIQUORS (6)—PROHIBITION—BOOTLEGGING—EIGHTEENTH AMENDMENT. The state may enact any liquor enforcement laws not inconsistent with the Federal enactments, so long as they do not undertake to declare lawful that which the Federal acts declare unlawful.

INDICTMENT AND INFORMATION (101)—INTOXICATING LIQUORS (42)—CONVICTION OF LESSER OFFENSE. The crime of unlawful possession of liquor is included within the crime of bootlegging, warranting a conviction of the former upon a charge of the latter.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered December 21,

[1]Reported in 209 Pac. 1099.

1921, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Joseph J. Lavin,* for appellant.

*Roy C. Fox,* for respondent.

BRIDGES, J.—The information charged defendant with being a bootlegger. It recited that, on a day named, in Lincoln county, in this state, he "did then and there unlawfully and feloniously carry about with him intoxicating liquor, to wit: whiskey, for the purpose of the unlawful sale of the same." Under instructions from the court permitting it to so do, the jury found defendant guilty of unlawfully having possession of intoxicating liquors.

On his appeal here the defendant contends that the laws of the state with respect to traffic in and possession of intoxicating liquors as a beverage are abrogated and superseded by the national prohibition act, and that, since the latter does not prohibit possession of such liquor, § 17h of the state law (Laws of 1917, p. 60) [Rem. Comp. Stat., § 7328] making its possession unlawful is in conflict with the national act and void. This is not an open question in this jurisdiction. It was first decided contrary to appellant's views in *State v. Turner,* 115 Wash. 170, 196 Pac. 638. In the later case of *State v. Jewett,* 120 Wash. 36, 207 Pac. 3, after quoting from the *Turner* case, we said:

"We have no doubt that the several states now have a right to enact and enforce any laws, or enforce any previously enacted laws, on the subject of intoxicating liquors which tend to carry into effect the purposes and objects of the eighteenth amendment and the Volstead act, and that the only privilege of which they have been deprived by the amendment is that they may not enact or enforce laws which would be inimical to or tend to defeat the amendment, or acts of Congress

passed by virtue of it. Not only may they enact any laws on this subject which are not inconsistent with the Congressional acts or the eighteenth amendment, but it is conceivable that they may enact any laws so long as they do not undertake to declare that lawful which the amendment or Congressional act declares unlawful, or seek to legalize that which the amendment has declared illegal.''

We now make the last sentence quoted a positive statement and adopt it and the other part quoted as the law of this case. Our view is fully supported by a recent decision of the supreme court of the United States in the case of *Vigliotti v. Pennsylvania,* 258 U. S. 403.

Error is predicated on the instruction of the court wherein it advised the jury it could return a verdict of guilty of having unlawful possession of intoxicating liquors. The specific crime charged in the information was bootlegging. We have held that the crime of unlawful possession of intoxicating liquors is included in the crime of bootlegging and that such an instruction is proper. *State v. Spillman,* 110 Wash. 662, 188 Pac. 915; *State v. Woods,* 116 Wash. 140, 205 Pac. 737.

Judgment affirmed.

PARKER, C. J., TOLMAN, FULLERTON, and MITCHELL, JJ., concur.