[No. 17586.  Department One.  November 8, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v.
E. N. ALLEN, *Appellant*.[1]

INTOXICATING LIQUORS (6) — PROHIBITION — EIGHTEENTH AMEND-
MENT.  Prosecution under state laws for violation of the liquor laws
are not displaced by the eighteenth amendment to the constitution
of the United States, and the Volstead act ·passed pursuant thereto.

SAME (50)—OFFENSES—JOINTIST—EVIDENCE—SUFFICIENCY. A con-
viction of being a jointist is sustained by proof that the lessee and
manager of a hotel personally sold intoxicating liquor to different
persons in the building, notwithstanding his principal business was
to furnish hotel accommodations.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered December 17,
1922, upon a trial and conviction of being a jointist.
Affirmed.

*Wesley Lloyd*, for appellant.

*Roscoe R. Fullerton* and *Nat U. Brown*, for re-
spondent.

MITCHELL, J.—The appellant was convicted, upon a
trial by jury, of the crime of being a jointist, and has
appealed.

The argument on behalf of the appellant that the
prohibition law of this state has been displaced by the
eighteenth amendment to the constitution of the
United States and the Volstead act passed pursuant
thereto has been answered in the negative by a number
of our decisions from that of *State v. Turner*, 115
Wash. 170, 196 Pac. 638, down· to *State v. McFee*, 121
Wash. 425, 209 Pac. 683.

The other assignments of error call in question the
sufficiency of the evidence to justify the verdict and

[1]Reported in 210 Pac. 359.

judgment. It was shown by an abundance of proof that the appellant personally sold quantities of intoxicating liquor to different persons in the building described in the information as the Carlton Hotel, situated at 310 Columbia street, Olympia, Washington, while the hotel was being conducted and maintained by him as lessee and manager. The proof presented a clear case for the jury to decide. The fact that the principal purpose for running the place was to furnish hotel accommodations was of itself no defense to the charge. *State v. Greenwald*, 116 Wash. 463, 199 Pac. 730.

Affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.