[No. 19891.    Department One.    August 26, 1926.]

THE STATE OF WASHINGTON, *Respondent*,
v. GEORGE LITZENBERGER, *Appellant*.[1]

[1] CRIMINAL LAW (448)—REVIEW—HARMLESS ERROR—ADMISSION OF
EVIDENCE. In a prosecution for bootlegging, error cannot be
assigned upon the admission of testimony as to the contents of
a container prior to the admission of the container, where appel-
lant's rights could have been amply safeguarded by an instruc-
tion or motion.

[2] SAME (276)—INSTRUCTIONS—ALIBI. It is not prejudicial error
to instruct, upon the subject of an alibi, to the effect that the
jury might consider whether the accused was so far away that
he could have reached the place where the offense was com-
mitted.

[3] INTOXICATING LIQUORS (50)—OFFENSES—BOOTLEGGING—EVIDENCE
—SUFFICIENCY. In a prosecution for bootlegging, the carrying
about of intoxicating liquor with intent to sell is sufficiently
shown where the sale, made at the accused's farmyard, was con-
summated when accused delivered the liquor at an appointed
place in the public road.

[4] CRIMINAL LAW (241)—TRIAL—ARGUMENT OF COUNSEL—COMMENT
ON FAILURE OF ACCUSED TO TESTIFY. To reiterate in argument to
the jury that the testimony of the state was not denied, when no
one could have denied it except the accused, who was not called
as a witness, is not objectionable as unlawful comment upon the
fact that the accused failed to testify.

Appeal from a judgment of the superior court for
Whitman county, McCroskey, J., entered November 14,
1925, upon a trial and conviction of bootlegging. Af-
firmed.

*Charles R. Hill* and *Hanna, Miller & Hanna*, for ap-
pellant.

*W. L. LaFollette, Jr.,* and *S. R. Clegg*, for re-
spondent.

[1]Reported in 248 Pac. 799.

TOLMAN, C. J.—Appellant was convicted upon a charge of bootlegging and appeals from the judgment and sentence.

Fourteen errors are assigned, most of which are argued only sufficiently to require us to consider them.

[1] The first two assignments are directed to the admission of testimony as to the contents of a container which was not admitted in evidence and the refusal, on motion, to strike the same. At the time of these rulings, the container referred to had not been offered in evidence and, of course, the trial court could not then determine its admissibility. If, at the close of the state's case, the container had not been offered, or if offered and refused, and this testimony was then thought to be prejudicial, appellant's rights could have been amply safeguarded by an instruction or a proper motion.

Assignments numbered 3, 4, 5 and 6 are so clearly without merit as to require no discussion.

Assignment 7 is directed to an instruction defining the crime of bootlegging, but, as we read the instruction, it was entirely proper under the authority of *State v. Wynn*, 125 Wash. 398, 216 Pac. 872.

It is next urged that an instruction on reasonable doubt and an included crime was erroneous. We do not find it so, but find the instruction to be entirely proper and within the rule laid down in *State v. Montgomery*, 121 Wash. 617, 209 Pac. 1099, and cases there cited.

[2] The state offered testimony to the effect that, between seven-thirty and eight-thirty p. m. of August 8, 1925, three special investigators went to appellant's farm and there negotiated with him for the purchase of intoxicating liquor; that he told these witnesses to drive out on the public road behind his orchard and that he would obtain the liquor and bring it to them.

This he did, carrying the gallon container of liquor out to the road and there delivering it and receiving the money for it. To prove an alibi, appellant introduced evidence from which the jury might have believed that he was in Spokane at the time. The court instructed:

"One of the defenses interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time that the crime was committed, if committed at all. If, in view of all the evidence, you have any reasonable doubt as to whether the defendant was at another place from where the crime was committed at the time of its commission, then you should acquit; but if you believe from the evidence that the accused was not so far away from the place where the offense was committed but that he could, with ordinary exertion, have reached the place where the offense was committed, then you will consider that fact as a circumstance tending to prove or disprove the alibi."

It is now argued that the latter part of this instruction is erroneous. While perhaps argumentative, we do not think the instruction misstates the law or could, under the testimony, have misled the jury to appellant's prejudice.

Error is assigned upon an instruction defining possession, but no argument is made upon this assignment and no fault in the instruction is specified. Being unable, without assistance, to discover anything prejudicial in the instruction as given, we conclude that it correctly states the law.

The remaining assignments go to the instructions refused, and the rulings of the trial court on the motions for a new trial and in arrest of judgment. In part, they are answered by what has already been said; and but two additional questions remain to be considered:

[3] First; it is urged that the evidence shows no carrying about of intoxicating liquor with intent to sell,

because the sale, if any, was made in the farmyard and the subsequent carrying about was but a delivery of what had been previously sold,—ingenious, but, we think, unsound. Whatever agreement was arrived at in the farmyard was executory only, and the sale was consummated when the liquor was delivered and the purchase price paid; so that the jury were justified in finding that the liquor was carried about for the purpose of sale.

[4] Second; misconduct of counsel, in that the deputy prosecuting attorney, in his opening argument to the jury, and the prosecutor himself in the closing argument, iterated and reiterated the statement that certain testimony on behalf of the state was undenied. It is apparently conceded that no one except appellant could have denied the particular facts alluded to, and he not having offered himself as a witness, it is contended that this amounted to a comment on his failure to testify. But we think to follow appellant would be to carry the rule too far. Surely the prosecutor may comment upon the fact that certain testimony is undenied, without reference to who may or may not be in a position to deny it; and, if that results in an inference unfavorable to the accused, he must accept the burden, because the choice to testify or not was wholly his.

Finding no prejudicial error, the judgment appealed from is affirmed.

MITCHELL, FULLERTON, BRIDGES, and HOLCOMB, JJ., concur.