IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35109-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OMAR * LOPEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Omar Lopez appeals from his convictions for second degree criminal trespass and possession of a stolen vehicle, arguing that the trial court erred in disallowing a jury instruction he proposed and that the prosecutor committed misconduct in closing argument.  Discerning no prejudicial error, we affirm.

FACTS

Royal City Police Chief Darin Smith was driving past his parents' farm house on the outskirts of the city when he saw an unfamiliar Jeep in the driveway.  Knowing that his parents were out of town, Chief Smith turned in to the property to learn what was happening.  Mr. Lopez, returning to the Jeep from the direction of the front door of the house, ran away upon seeing the officer.

Chief Smith called the license plate in and learned that the vehicle had been stolen the previous day.[1]  After a search for the man, Chief Smith discovered Mr. Lopez hiding in a window well[2] on the side of the house.  In addition to the two noted charges, a charge of possession of burglary tools was filed.  The matter proceeded to jury trial.

Mr. Lopez did not testify and the trial court instructed the jury that it could not consider that fact in reaching its verdict.  The defense also obtained a jury instruction based on WPIC 19.07[3] that informed jurors that it was a defense to the trespass charge that the defendant reasonably believed the owner would have licensed him to be on the premises.  The defense also proposed an instruction based on *Florida v. Jardines*, 569 U.S. 1, 133 S. Ct. 1409, 185 L. Ed. 2d 495 (2013), that would have instructed the jury that a visitor has an implied license to enter the property and approach the front door. The trial judge declined to give the proposed *Jardines* instruction.

In closing argument, the prosecutor noted that two items (a screwdriver and a slingshot) belonging to the Jeep's owner had been found on Mr. Lopez when he was arrested.  The prosecutor argued that "you heard no evidence whatsoever that" the items

---

[1] The owner later would testify that he did not know Mr. Lopez and had not given permission for Lopez to use the Jeep.

[2] The prosecutor described the area as a crawl space, but we use the trial judge's description that it was a window well.

[3] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 19.07, at 339 (4th ed. 2016) (WPIC).

"belonged to Mr. Lopez" and that the owner's testimony "was uncontested." There was

no objection to the testimony.

The jury acquitted on the burglary tools charge, but convicted Mr. Lopez on the

vehicle possession and trespass counts. The court imposed a midrange 16 month

sentence on the stolen vehicle count. Mr. Lopez then timely appealed to this court. A

panel considered the matter without hearing argument.

ANALYSIS

Mr. Lopez presents two arguments for our consideration.[4] First, he argues that the

court erred in denying his proposed *Jardines* instruction. Next, he contends that the

prosecutor committed prejudicial misconduct in calling attention to his decision not to

testify. We consider those arguments in the order listed.

*Jury Instruction*

The trial court denied the proposed *Jardines* instruction after instructing the jury

on the defense of implied invitation. That instruction rendered the *Jardines* instruction

redundant. It also lacked evidentiary support in the trial record. There was no abuse of

discretion in declining to give the *Jardines* instruction.

Well settled standards govern review of this contention. Trial courts have an

obligation to provide instructions that correctly state the law, are not misleading, and allow

---

[4] Mr. Lopez also asks that we waive appellate costs. Since the State has indicated
that it will not be seeking costs, the matter is moot.

the parties to argue their respective theories of the case. *State v. Dana*, 73 Wn.2d 533, 536-537, 439 P.2d 403 (1968). A court should give an instruction only if it is supported by substantial evidence. *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986). The trial court also is granted broad discretion in determining the wording and number of jury instructions. *Petersen v. State*, 100 Wn.2d 421, 440, 671 P.2d 230 (1983). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, there was not substantial evidence that would have supported the instruction under *Hughes*. Mr. Lopez was found hiding in a window well. That action was the prosecutor's theory of trespass. Report of Proceedings at 335-336. The implied license given to visitors to approach a house and knock on the front door simply was not implicated in this case. Mr. Lopez was prosecuted for running away from the front door and hiding on the property, not for attempting to approach and knock in the first instance. No evidence supported the *Jardines* instruction.

In addition, the proposed instruction was unnecessary. Instruction 20, based on WPIC 19.07, told jurors that it was a defense, which the prosecutor had to disprove, that the defendant reasonably believed he was authorized to be on the property. This instruction, which was not limited merely to ingress and egress from the front door, carried the same message that the proposed *Jardines* instruction did, but covered a broader range of activity

4

than that instruction.  The rejected instruction was redundant.  The court did not abuse its discretion in declining to give the instruction.

There was no error in refusing to give the proposed instruction.

*Prosecutor's Closing Argument*

Mr. Lopez also contends that the prosecutor engaged in misconduct by arguing that the victim's testimony concerning the ownership of the screwdriver and slingshot was "uncontested" and that they had "heard no evidence" that the items belonged to Mr. Lopez. These arguments were not so flagrant and ill-intentioned that they were beyond cure.  The failure to object waives the claim.

Once again, well settled standards govern our review of this contention.  To prevail on a claim of prosecutorial misconduct, a defendant must establish that the prosecutor's conduct was both improper and resulted in prejudice in light of the context of the entire record and the circumstances at trial.  *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011).  Prejudice exists only where there is a substantial likelihood the misconduct affected the jury's verdict.  *Id.* at 442-443.  When a defendant fails to object to an improper remark, he or she waives a claim of error unless the remark is "'so flagrant and ill intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.'"  *Id.* at 443 (quoting *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)).  Thus, a properly challenged statement will be reviewed for a "substantial likelihood" that it affected the verdict, while unchallenged

statements will be considered only if the error was too egregious for a timely objection to be worthwhile. This court reviews alleged improper comments in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury. *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997).

Here, Mr. Lopez failed to contest the comment in the trial court and necessarily has to argue that it was so egregious that a timely objection was futile. We do not believe that is the case here. In instances of alleged comments on the right to remain silent, it long has been the rule in this state that the prosecutor can argue "that certain testimony is undenied, without reference to who may or may not be in a position to deny it." *State v. Litzenberger*, 140 Wash. 308, 311, 248 P. 799 (1926). Prosecutors may also comment on the defense's failure to present evidence on a particular issue if someone other than the defendant could have testified to the issue. *State v. Ashby*, 77 Wn.2d 33, 38, 459 P.2d 403 (1969). It order to constitute a comment on the defendant's constitutional rights, the statement must be a clear attempt to use the right to remain silent as substantive evidence against the defendant. *State v. Lewis*, 130 Wn.2d 700, 706-707, 927 P.2d 235 (1996). Thus, merely because an argument improperly touches upon the privilege, it does not mean that it is per se reversible error. A cautionary instruction following an objection would clarify remarks for the jury.

In other words, the alleged error in this instance was not so egregious that it was beyond the trial court's ability to correct. An objection would have led to a reminder that

the defendant had no burden of proof or a reminder that Mr. Lopez had no obligation to testify, two subjects upon which the court had already instructed the jury. It also would have allowed the prosecutor to correct any misperceptions about her statement for the jury.

The error alleged by Mr. Lopez was not so egregious that it was beyond cure. He has failed to establish prosecutorial misconduct.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

7