[No. 1617.  Decided March 16, 1895.]

THE STATE OF WASHINGTON, *Respondent,* v. MIKE GOLDEN, *Appellant.*

CRIMINAL LAW — PROSECUTION OF ACCESSORY.

An information against an accessory before the fact is sufficient when it charges the commission of the crime by him as a principal, without setting out the acts going to show that he aided and abetted in its commission.

*Appeal from Superior Court, King County.*

*Melvin G. Winstock,* and *Frank B. Ingersoll,* for appellant.

*John F. Miller,* Prosecuting Attorney, *A. G. McBride* and *A. W. Hastie,* for The State.

The opinion of the court was delivered by

SCOTT, J.—This appellant, one Goodfriend and one Hart, constituted three of a party of five who were charged with stealing $300.00 from two young women. Separate trials were demanded, and the three named were tried and convicted.  The other two eluded the officers and escaped.

It is urged that appellant's demurrer to the information should have been sustained on the ground that the acts going to show that he aided and abetted in the commission of the crime were not stated therein. No particular, however, is pointed out wherein the information is claimed to have been insufficient, and although the appellant was but an accessory, we are of the opinion that it clearly appears from the proof that he was an accessory before the fact, and under the repeated holdings of this court should be prosecuted the same as a principal.  The allegations in the brief

are too general to raise any point as to the information, but we have examined it nevertheless and think it was sufficient.

It also appears to us that the appeal in this case is without merit. The questions raised by appellant as to the admission of certain evidence and the instructions of the court are all based upon the theory that he was an accessory after the fact, which, in our opinion, is not at all warranted by the proofs. The evidence is entirely sufficient to justify the conviction of appellant as a principal. We are so well satisfied of this that we deem it unnecessary to set the same forth in detail.

The instructions of the court covered the cause fully and it was fairly submitted to the jury.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.