[No. 11162.   Department One.   December 26, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. FLORENCE
PETTIT, *Appellant*, C. M. PETTIT, *Defendant*.[1]

CRIMINAL LAW—RES GESTAE—LARCENY. Upon a prosecution for
larceny by embezzlement, evidence that, after obtaining the money,
the accused made purchases of valuable personal property, is admissible as part of the *res gestae*, and to show motive by acts and conduct.

SAME—EVIDENCE—ACTS OF CONSPIRATORS. Upon a prosecution for
larceny by embezzlement, evidence of the acts and conduct of a
codefendant in furtherance of a common criminal design, where
there was concert of action, is competent and relevant, whether before or after the asportation.

SAME—"FLIGHT"—INSTRUCTIONS. An instruction on the subject
of flight as showing a guilty knowledge or qualified admission of
guilt, that flight is a departure from the locality of the crime and
residence of the accused induced or caused in any degree by fear
of arrest or consciousness of guilt, is proper; and it is not necessary for the jury to further find a purpose to escape or concealment to avoid arrest.

APPEAL—REVIEW—INSTRUCTIONS—REQUESTS. It is not necessary
to give instructions in the form requested, where the same were fully
covered in the instructions given.

Appeal from a judgment of the superior court for Snohomish county, Kellogg, J., entered June 22, 1912, upon a
trial and conviction of grand larceny.   Affirmed.

*Morris & Shipley* and *Hulbert & Husted*, for appellant.

*R. J. Fausett* and *Joseph H. Smith*, for respondent.

CHADWICK, J.—Appellant was jointly indicted with her
husband upon a charge of grand larceny.   After a separate
trial and a judgment of conviction, she has appealed to this
court.

The evidence is substantially the same as that given at
the trial of her husband, and we will not undertake to restate the facts, but content ourselves by referring to the case

[1]Reported in 137 Pac. 335.

of *State v. Pettit*, 74 Wash. 510, 133 Pac. 1014. All of the questions raised in this case were settled in our former opinion, except the following:

The sum of money originally possessed by Mrs. Martin, the prosecuting witness, was $3,197. The amount deposited and first accounted for by Mrs. Pettit was $3,000. The court allowed the prosecuting witness to testify that, after the time of the deposit and the time when the note was given, Mrs. Pettit had made purchases of valuable personal property. We think that this evidence was properly received as a part of the *res gestae*. The actions and conduct and conversation of the parties, from the time the money first came into the possession of the appellant, was competent to show the motive and intent of appellant, and no error can be predicated on the ruling of the court.

It is also contended that the court erred in admitting the acts and conduct of C. M. Pettit, the codefendant, after the time of the larceny. We think this evidence was properly admitted. The evidence is ample to sustain the theory of conspiracy, and under the authority of the husband's case (*supra*), it may be laid down as a rule that, where there is a concert of action and a common criminal design, every act done in furtherance thereof, whether before or after the time the property was actually asported, is competent and relevant.

It is contended that the court misdirected the jury, in that it submitted the question of the flight of the appellant after the crime is alleged to have been committed. Counsel insists that the instruction tells the jury that flight is no more than a departure from the locality of the commission of the crime and from the place of residence of the accused when induced or caused in any degree by fear of arrest or consciousness of guilt; that this definition leaves out of consideration the idea of escape and concealment for the purpose of avoiding the arrest, which is the essential characteristic of the term "flight" as used in criminal law.

We had not hitherto understood that the word flight had any such restricted meaning, but if so, we think a departure from the place of the crime induced by fear of arrest is sufficient to satisfy the law. So far as we have been able to find, the books make no nice or refined distinction as to the manner or method of a flight. It may be open or it may be a hurried or concealed departure, or it may be a concealment within the jurisdiction. The conduct of the party charged, immediately following the commission of a crime, is competent to show a guilty knowledge and is received as a qualified admission of guilt. Its evidentiary weight is a question for the jury. Jones, Evidence (2d ed.), § 287; 12 Cyc. 395.

The court's definition is broad enough to cover the objections made by counsel. In such cases, the verdict cannot be measured by what any one witness says. Nor is the jury bound to accept a defendant's explanation as to his motive. They may consider all the facts and circumstances and from them draw their own conclusions. When so considered, we have no doubt of the fact that appellant did flee the jurisdiction of the courts of this state, and that her purpose was to avoid arrest. It would be carrying the law too far to say that, in such cases, a jury would have to go further and find that there was an added purpose of escape and concealment for the purpose of avoiding arrest.

Objections are also made to certain instructions given by the court. We have read the instructions with care and are satisfied that, when considered as a whole, they fairly state the law of the case, and that appellant has not been prejudiced thereby.

Error is predicated on the refusal of the court to give an instruction requested by the appellant and designed to present to the jury the theory of contract; that is, that, if the jury should find from the evidence that the money was borrowed, that appellant should be acquitted. While the court refused the instruction requested by the appellant, an instruction fully covering defendant's theory of the case was

given by the court. The trial court is not bound to give instructions in the form requested. Its duty is to state the law of the case, and this it did.

Finding no error, the judgment is affirmed.

CROW, C. J., ELLIS, MAIN, and GOSE, JJ., concur.