[No. 12585.   Department Two.   December 8, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.
YACOB MALSOGOFF, *Appellant*.[1]

ROBBERY—EVIDENCE—POSSESSION OF MONEY—ADMISSIBILITY—QUESTION FOR JURY. Upon a prosecution for robbery, where it appeared that five men had robbed a bank of $4,280, in gold, silver, and currency, it is admissible to show that the defendant, shortly after the robbery, deposited in a bank approximately one-fifth of the above amount in money of the character of the stolen money, as a circumstance showing that he had that amount of money shortly after the robbery, and making it a question of fact for the jury whether the same was the proceeds of the robbery, or money received by the accused in the sale of a pool room as testified by him.

CRIMINAL LAW—APPEAL — HARMLESS ERROR — CUMULATIVE EVIDENCE. In a prosecution for robbery, error in the admission, without identification, of a note bearing the signature of a codefendant is harmless, where it was merely cumulative of other evidence tending to show the accused's relations with such codefendant.

ROBBERY—IDENTITY—EVIDENCE—ADMISSIBILITY. In a prosecution for the robbery of a bank, in which it was claimed that the accused was one of three unidentified men assisting two others, a handkerchief found near the scene, with cartridges of the same caliber as a gun found in the room occupied by the accused, the handkerchief bearing the same laundry mark as a collar taken from the accused, are admissible as circumstances to be considered by the jury.

SAME—EVIDENCE—ADMISSIBILITY. Upon a prosecution for the robbery of a bank, evidence that a fire broke out in a school house near the bank at about the time of the robbery, on the theory that it was started to divert attention, is admissible for the purpose of showing all the surrounding circumstances, although the accused was not connected with the setting of the fire.

SAME—PLEADING AND PROOF—VARIANCE—PRINCIPAL OR ACCESSORY. Upon a prosecution for the robbery of a bank, alleged to have been in the immediate presence of certain officers, by force and means of revolvers loaded with powder and ball, it is not a variance to fail to positively identify the accused as one of the five men who committed the robbery, where the evidence tended to show that he was one of three unidentified men who participated, two of whom were stationed outside the building; it not being a variance, under an in-

[1]Reported in 153 Pac. 379.

formation charging the accused as a principal, to prove that he tendered assistance, though not actually present.

SAME—PRINCIPAL OR ACCESSORY—INSTRUCTIONS. In such a case, an instruction that the jury need not find that the accused was actually in the building, but it was sufficient if he was in the immediate vicinity, aiding and abetting, is proper.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered July 16, 1914, upon a trial and conviction of robbery. Affirmed.

*Henry J. Gorin*, for appellant.

*J. E. Stewart, A. Emerson Cross*, and *O. M. Nelson*, for respondent.

MORRIS, C. J.—The appellant in this case was one of the three men arrested for the robbery of the Elma bank on March 28, 1914, as stated in *State v. Hodoff, ante* p. 413, 153 Pac. 377, and found guilty by a jury upon a separate trial. His motion for a new trial having been overruled, he has appealed.

The appellant, relying on *State v. Payne*, 6 Wash. 563, 34 Pac. 317, contends that it was error to admit evidence that a deposit of $920 had been made in his name in the Oriental American Bank of Seattle on the 10th day of April, following the robbery, and to admit in evidence a bank book bearing his name and showing the deposit, taken from him at the time of his arrest. The appellant contends that the *Payne* case is authority for the rule that money in the possession of the accused must be identified as that stolen before proof of his possession will be admitted as a circumstance tending to prove his guilt. That question, however, was not before the court in the *Payne* case. Evidence that Payne had money like that taken from Cox had been admitted in that case, and no point was made in the briefs that it had been improperly received. The possession of the money was considered only in connection with the sufficiency of the evidence to sustain the conviction, and the court did not hold that evidence of its

possession without evidence of a previous identification was improperly received. It was shown in this case that the deposit was of gold, silver, and currency, which was the character of the stolen money. We think the evidence was proper to go to the jury as a circumstance in the case showing that the appellant had an amount of money practically equal to one-fifth of the amount stolen (there were five robbers), shortly after the commission of the crime, and it then became a question of fact whether this money was the proceeds of the robbery or money received from the sale by the appellant of a pool room for $700 two months before the deposit, as he testified.

The appellant contends that it was error to receive in evidence a promissory note payable to him and bearing the signature of Hodoff, which was taken from appellant at the time of his arrest. Although the signature was not proved to be that of Hodoff, the appellant was not prejudiced by the admission of the note, as it had no other effect than to show the appellant's relations with Hodoff, which was merely cumulative of other evidence showing the relations.

The evidence introduced by the state to show the appellant's connection with the robbery was, in substance, that it was committed by five men—Dobreff, who kept Mr. France covered with a revolver in the front office; Hodoff, who forced Meyers and Young into Mr. France's office, where he left them in charge of a third robber and then forced Mr. Fleming into the vault and secured the money; and, besides these three, two others, one stationed in the vestibule of the bank and one in the alley at the side of the bank, one of whom came into the bank during the robbery and assisted Hodoff in removing the stolen money. To show that the appellant was one of these three unidentified men, the state introduced evidence that he was seen in Elma on the afternoon of the robbery with four other foreigners, that he was found in the Mecca hotel at Aberdeen in company with Hodoff and Dobreff

several days after the robbery, and that Hodoff and Dobreff were also in Elma on the afternoon of the robbery.

The state also introduced in evidence a handkerchief, in which were tied up several cartridges, found between the bank and the railroad shortly after the robbery, and introduced testimony showing that the robbers had fled towards the railroad. These cartridges were of the same caliber as a gun found in the room occupied by the appellant in Seattle at the time of his arrest, and the handkerchief itself bore the same laundry mark as a collar taken from him by the sheriff while he was being removed from Seattle to Montesano. Even though the laundry mark was not shown to be that of the appellant, the fact that the mark was the same as that on the collar taken from him, and the fact that the cartridges were of the same caliber as the gun found in the appellant's room, were circumstances to be considered by the jury.

The state also introduced evidence that, at about the time of the commission of the robbery, a fire broke out in a school house near the bank, on the theory that this fire had been set by the robbers to divert the attention of any passerby from the bank. The state did not connect the appellant with the commission of that act, but introduced the evidence only for the purpose of showing all the circumstances surrounding the commission of the robbery, and it was therefore properly admitted.

The appellant contends that there was a fatal variance between the information and the proof, in that the evidence did not actually show that he was one of the three whom it was charged in the information "did then and there, wrongfully, unlawfully, violently, and feloniously take, steal, and carry away the sum of $4,280 gold coin, silver coin, and currency, all lawful money of the United States, from, in the immediate presence of, and against the will of, one Earl France and one A. Fleming, then and there by means of force, violence, and fear of injury to said Earl France and A. Fleming, and each of them, immediately and future, by

means of revolvers then and there loaded with powder and ball, which the said defendants then and there held in their hands, and by means of threats and commands then and there made by said defendants," etc. And on the same ground he contends that it was error under the information to instruct the jury that, in order to convict him, they need not find that he was actually in the building at the time of the alleged robbery, but that it would be sufficient to find that he was in the immediate vicinity and aiding and abetting in the commission of the crime.

The evidence introduced by the state tended to prove that the appellant was one of the three unidentified men committing the robbery and, if so, he was a principal in the commission of the crime, and the instruction excepted to clearly indicated to the jury that they must find that the appellant was one of the men who participated in the robbery. The failure of the state to positively identify the appellant as one of the five men who committed the robbery does not constitute a variance between the pleadings and the proof, as it is generally held that, under an information charging the accused as a principal, proof that he was rendering assistance, though not actually present, is admissible. *McCarney v. People*, 83 N. Y. 408, 38 Am. Rep. 456; *State v. Pugsley*, 75 Iowa 742, 38 N. W. 498; *State v. Cassady*, 12 Kan. 550, and the evidence on the part of the state, while entirely circumstantial, certainly led to the inference that the appellant was so present and assisting. The case of *State v. Gifford*, 19 Wash. 464, 53 Pac. 709, does not militate against our conclusion, for in that case there was no attempt to prove that the accused was guilty of the charge preferred against him, but only that he was a procurer of the crime.

We find no error in the record and, as the evidence was ample to sustain the verdict, the judgment is affirmed.

Main, Ellis, and Fullerton, JJ., concur.