[No. 15060. Department One. January 22, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
WILLIAM VANE, *Appellant*.[1]

CRIMINAL LAW—CONTINUANCE—CONVICTION OF PERJURY—EFFECT. The continuance of a criminal case against one convicted of perjury until he had obtained a reversal thereof is properly denied; since Rem. Code, § 1212, providing that any person convicted of perjury shall not be a competent witness unless the judgment is reversed, does not deny the right under Const., art. 1, § 22, to testify in one's own behalf.

LARCENY (6)—INFORMATION—SUFFICIENCY. An information sufficiently charges the offense of horse stealing by one assisting therein, where the offense is charged in the language of the applicable portion of Rem. Code, § 2601, defining larceny, and of §§ 2007, 2260, providing that no distinction shall exist between principal and accessories, who may be proceeded against as principals, and where it enables a person of common understanding to know what is intended.

CRIMINAL LAW (161)—EVIDENCE—TESTIMONY OF ACCOMPLICES. In a prosecution for larceny, evidence is competent against an accessory that the principal, who admitted his guilt, drove the team to H. and there sold them, when such evidence would have been competent against the principal.

SAME (27)—JURISDICTION — LOCALITY OF OFFENSE — ACCESSORY IN ANOTHER STATE. Under Rem. Code, § 2254, subdiv. 3, providing for the punishment of one who, being out of the state, counsels, procures or abets another to commit a crime in this state, evidence

[1]Reported in 177 Pac. 728.

is admissible of a conversation had with accused in another state, after full agreement and plans for the theft had been made in this state.

CRIMINAL LAW (101)—EVIDENCE—RES GESTAE—SUBSEQUENT CONDUCT. Upon a prosecution for larceny by an accessory, evidence that defendant had aided the principal in his defense of alibi on prosecution for the same larceny is admissible as part of the *res gestae*.

LARCENY (12)—VARIANCE. A fatal variance in charging the theft of horses belonging to C. Brothers is not shown by evidence of one of the firm who answered "I was," to the question whether he was the owner, where he afterwards used the plural "we," and ownership of the firm was testified to by another witness.

CRIMINAL LAW (301)—INSTRUCTIONS—FORM AND LANGUAGE. Under an information charging the fact of aiding, assisting, etc., in a larceny, employing the words in the conjunctive, it is not error for the instructions to mention them in the disjunctive.

SAME (17, 19)—ACCOMPLICES. As an accessory is tried as a principal, he cannot object to instructions concerning accomplices because he did not do the actual stealing.

SAME (316)—INSTRUCTIONS. It is not error to refuse requested instructions that are covered in the general charge.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 3, 1918, upon a trial and conviction of larceny. Affirmed.

*R. L. Edmiston* and *E. L. Sheldon,* for appellant.

*Chas. H. Leavy,* for respondent.

MITCHELL, J.—Appellant, by a jury, was found guilty of the crime of grand larceny, on account of stealing a team of mares of the alleged value of $450, the property of Cunningham Brothers. From the judgment and sentence thereon, this appeal has been prosecuted.

It appears that one Carl Brink stole the horses, having been aided and abetted therein by the appellant, who was proceeded against as a principal under the provisions of Rem. Code, §§ 2007 and 2260. In the trial of Carl Brink for the larceny in Pend Oreille

county, appellant acted as a witness in support of the defense of an alibi. Later in that trial Carl Brink made a confession, was adjudged guilty, and sentenced to the penitentiary. Growing out of appellant's testimony in the Brink trial, he was charged, convicted and adjudged guilty of perjury and sentenced to the penitentiary, from which judgment and sentence he appealed. His appeal in that case was still pending when the present case was tried in Spokane county, to which it was transferred from Pend Oreille county upon appellant's application.

Prior to trial, appellant moved for a continuance "until such time as defendant shall have obtained a reversal of the judgment and sentence in the perjury case or until he had received a pardon." The motion was supported by affidavit and certified copies of the proceedings in the perjury case. In presenting the motion he relied on Rem. Code, § 1212, which provides:

"That any person who shall have been convicted of the crime of perjury shall not be a competent witness in any case, unless such conviction shall have been reversed, or unless he shall have received a pardon."

The trial court, in properly denying the motion, advised appellant that the provisions of § 1212 of the code would not be respected to the extent of denying him his right to testify in his own behalf, as guaranteed by art. 1, § 22, of the state constitution. Appellant did testify in his own behalf.

A demurrer to the information, interposed prior to trial, and an objection at the time of trial to the introduction of any testimony because the information failed to state facts sufficient to constitute a crime, were properly overruled. An examination of the information shows it to have been drawn in the language

of the applicable portion of Rem. Code, § 2601, defin-
ing larceny, and of §§ 2007, 2260, providing no distinc-
tion shall exist between an accessory before the fact
and a principal, and providing that such accessory
shall be indicted, proceeded against and punished as
a principal. Informations in similar cases and in sub-
stantially the same language are found in the cases of
*State v. Klein,* 94 Wash. 212, 162 Pac. 52, and *State v.
Mann,* 39 Wash. 144, 81 Pac. 561. Under the test:
"Does the information enable a person of common
understanding to know what is intended?" this court
has uniformly held that an information is sufficient if
in the language of the statute. As to the specific claim
that the information is deficient for failure to state the
acts he committed, upon which it is charged he aided
and abetted in the commission of the crime, this court
has held such allegation unnecessary because of the
statute requiring an accessory before the fact to be
prosecuted as a principal. *State v. Golden,* 11 Wash.
422, 39 Pac. 646. To the same effect, see *Coffin v.
United States,* 156 U. S. 432.

Assignments numbered 4, 6, and 7 may be considered
together. The proof shows that, after Carl Brink took
the mares, he sold them to H. J. Upham, at Hillyard,
Washington, giving a bill of sale in an assumed name,
and received a check, which he indorsed. These in-
struments, properly identified, were admitted in evi-
dence. The witness Upham detailed the conversation
and transaction with Carl Brink in the purchase of
the team. Mrs. Carl Brink testified to driving the
team with her husband to Hillyard, his sale of the
team and receipt of the purchase price of $300. The
admission of the written instruments and the testi-
mony of Upham and Mrs. Brink was over appellant's
objections that they were hearsay and irrelevant. The

evidence would have been admissible in a prosecution of Carl Brink, and therefore it was proper against appellant, an accessory before the fact, on trial as a principal. *State v. Mann, supra.*

Assignment of error No. 6 relates to testimony of Carl Brink as to a conversation with appellant over in the state of Idaho. The abstract shows it related to matters of minor importance, and that the testimony was received without any objections until, at the close, appellant moved to strike it. The record also shows, by the testimony of both Mr. and Mrs. Carl Brink, that it happened after the full agreement and plans for the theft had been made between appellant and Brink at the latter's home in Pend Oreille county, Washington. Subdivision 3 of § 2254, Rem. Code, provides for the punishment of a person who, being out of the state, counsels, procures, aids, or abets another to commit a crime in this state.

Assignments of error numbered 8, 9, 10 and 11 relate to written instruments concerning which there was substantial evidence to show that appellant had either procured a false writing or had altered the date of merchants' statements of sales to him in his efforts to sustain Brink's defense of an alibi in Brink's trial for this same larceny. The exhibits were proper evidence. *State v. Pettit,* 77 Wash. 67, 137 Pac. 335.

By assignment of error No. 12 a fatal variance is claimed between the allegation of the information that the mares stolen were the property of Cunningham Brothers and proof to the effect that they belonged to Levi Cunningham. This contention is predicated on the testimony of Levi Cunningham, a state's witness, who when asked: "You may state . . . if during the month of June you were the owner of a team of mares?" answered by saying "I was." And that

while thereafter the witness, speaking to the same subject, used the plural "we," appellant claims that the natural and legal inference in the use of the word "we" is that of husband and wife and not Cunningham Brothers. But counsel overlook the fact that this matter is made certain by Carl Brink himself, who twice testified the mares he stole belonged to Cunningham Brothers.

In the next assignment of error, fault is found with the trial court's definition of "reasonable doubt;" but, without quoting it, we find it to be clear, concise and complete.

In assignment No. 14 it is claimed there was error for the reason that the information, in charging the fact of aiding, assisting, etc., employs the words in the conjunctive, while the instructions mention them in the disjunctive. The contention is untenable. *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014.

The next assignment of error refers to the court's instruction concerning accomplices. It is objected to as out of place because it was not shown that appellant did the actual stealing, and also because it invaded the province of the jury. As to the first, we have already seen that an accessory is tried as a principal, while as to the second objection, an examination shows the instruction contains no comment on the weight or value of the evidence, and further, the court instructed the jury to disregard anything that the court may have said having even the appearance of an opinion or comment upon the evidence.

Assignments numbered 16, 17 and 18 refer to instructions requested by appellant and refused. They are lengthy and we find no occasion to set them out in this opinion. One of them related to a matter which was specifically and properly covered by an instruc-

tion given in language of the court's choosing. The other two related to the subject of the weight of the evidence and credibility of the witnesses, one of which, as requested, was an improper statement of the law. The subject-matter suggested by them was fully covered by an instruction given in the general and usual form concerning the weight of the evidence and the credibility of the witnesses.

In presenting the cause here, in support of the contention that he should have been granted a new trial, appellant, by his counsel, indulges in argument more appropriate to be addressed to a jury trying the case. We discover in the record ample testimony, if believed by the jury, to sustain the verdict.

The trial court properly denied appellant's motion in arrest of judgment, and followed the law in entering the judgment and imposing the sentence complained of.

Judgment affirmed.

CHADWICK, C. J., MACKINTOSH, TOLMAN, and MAIN, JJ., concur.