[No. 17083.   Department One.   June 26, 1922.]

# THE STATE OF WASHINGTON, *Respondent*, v. DAN BRAVIN, *Appellant*.[1]

CRIMINAL LAW (107)—EVIDENCE—OTHER OFFENSES—PRELIMINARY PROOF. In a prosecution for being a jointist, it is reversible error to admit evidence in detail of the stealing of a phonograph prior to the sale of the liquor, constituting a separate and distinct offense having no connection with the crime charged.

SAME (139)—EVIDENCE—HEARSAY. Appellant, convicted of being a jointist, cannot complain because, having shown that a witness testified before the grand jury upon the suggestion of one S, he was not allowed to offer hearsay evidence as to what S said to the witness.

SAME (143)—DOCUMENTARY EVIDENCE—CERTIFIED COPIES. In a prosecution of a jointist, error cannot be assigned on the admission of a certified copy of a license to conduct a soft drink place, where any informalities were cured by the testimony of the city clerk.

WITNESSES (72)—CROSS-EXAMINATION—DISCRETION OF COURT. In a prosecution of a jointist, error cannot be assigned on allowing the prosecuting attorney on cross-examination, to interrogate the accused as to his citizenship and residence in this country, in the absence of an abuse of discretion.

INTOXICATING LIQUORS (49)—ADMISSIBILITY OF EVIDENCE—JOINTIST. In a prosecution of a jointist, evidence of sales made four months prior to the date charged is admissible, notwithstanding some other charge had been based upon such sales; and the same is not too remote.

[1]Reported in 207 Pac. 949.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered April 28, 1921, upon a trial and conviction of being a jointist. Reversed.

*S. A. Gagliardi* and *Bates & Peterson,* for appellant.
*J. W. Selden* and *T. F. Ray,* for respondent.

TOLMAN, J.—Appellant was indicted, tried, convicted and sentenced to serve a term in the state penitentiary, upon the charge of maintaining a place for the unlawful sale of intoxicating liquor. Appealing, he relies upon twenty-one assignments of error for a reversal, all of which have been considered, but not all of which need be here discussed.

It is first urged that the trial court erred in permitting witness Cunningham, and some of his companions, to testify in detail to going to the place appellant is charged with conducting, not finding him there, going thence and stealing a phonograph, taking it to appellant's home, there partaking of intoxicating liquor then furnished by appellant, and receiving from appellant $35 in money for the stolen phonograph, all of which occurred before the witnesses, or any member of their party, purchased or drank liquor in the place charged with being unlawfully maintained. It is true that the trial court admitted this line of testimony on the theory that it was preliminary, and undoubtedly in some cases certain preliminary testimony is necessary to a complete understanding of what afterwards occurred, but in the light of the testimony as to the sale of liquor at the place charged in the indictment later in the evening, it is at once apparent that these so-called preliminary matters had no connection with the charge and had no tendency whatever to prove or to explain the testimony tending to prove the charge upon which appellant was being tried. They were as sepa-

rate and distinct from the matter charged as though they had occurred at a time weeks or months remote, and had no tendency whatever to prove the issues then on trial. Their tendency was to prove that appellant was guilty of other offenses with which he was not then charged, and to prejudice him in the eyes of the jury. This line of testimony, and the instructions to the jury based thereon, constitute reversible error.

In the matter of what occurred before the grand jury, and the relations of the witness Cunningham with one M. J. Sullivan, we find no error. The trial court permitted appellant, on cross-examination, to bring out the testimony that Cunningham, in testifying before the grand jury, acted upon the suggestions of Sullivan, and properly refused to go further and permit the hearsay testimony as to what Sullivan said to the witness at that time.

Nor do we find error in receiving in evidence the certified copy of a license to conduct a soft drink establishment, issued to appellant. True, the clerk's certificate was informal in some particulars, but it was formal as to every material fact sought to be established thereby, and moreover, before receiving the certified copy, the court required the clerk to be called as a witness, and the testimony thus produced cured the informalities.

Nor can we say that there was error in permitting the prosecuting attorney to interrogate appellant as to his citizenship and the length of his residence in the United States. Such matters are within the discretion of the trial court, and we cannot interfere until a manifest abuse of discretion is made to appear.

Testimony as to sales made some four months prior to the date charged were not too remote, and the mere fact that some other charge had been based upon such

sales did not tend to make the testimony as to the sales inadmissible.

Other assignments of error are based upon matters not likely to occur in another trial, or are without merit.

Because of the errors pointed out, the judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., MITCHELL, and BRIDGES, JJ., concur.