[No. 18245. Department One. December 6, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT E. CURTIS *et al., Appellants.*[1]

CRIMINAL LAW (110)—EVIDENCE—OTHER OFFENSES—INTENT. Intent to sell, being made an essential element of the unlawful possession of narcotics with intent to sell, it is permissible to produce evidence relating to prior independent offenses; and it is immaterial that the statute makes possession presumptive evidence of such intent.

CRIMINAL LAW (296)—INSTRUCTIONS—AIDERS AND ABETTORS. Upon a prosecution of two jointly for the unlawful possession of narcotics with intent to sell, it is proper to give instructions as to aiding and abetting, under Rem. Comp. Stat., §§ 2007, 2260.

CRIMINAL LAW (282)—TRIAL—INSTRUCTIONS—INTENT—PRESUMPTIONS FROM POSSESSION OF DRUGS. Upon a prosecution for the unlawful possession of narcotics, which the statute makes prima facie evidence of intent to sell, it is proper to give an instruction as to such presumption.

SAME (297)—TRIAL—INSTRUCTIONS—DEGREE OF OFFENSE. In a prosecution for the unlawful possession of narcotics with intent to sell, error cannot be assigned on the refusal of an instruction as to the included offense of possession without intent (if there be any such), where there was no evidence in the case on which it could be based.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 5, 1923, upon a trial and conviction of the unlawful possession of narcotics. Affirmed.

*T. D. Page,* for appellant.

*Malcolm Douglas, Bert C. Ross,* and *Chester A. Batchelor,* for respondent.

TOLMAN, J.—Appellant Anna F. Sanborn was informed against, tried and convicted jointly with one Robert E. Curtis, upon a charge of unlawful possession of narcotics with intent to sell, furnish and dispose of

[1]Reported in 220 Pac. 769.

the same. Both defendants appealed, and thereafter Robert E. Curtis died, and this appeal was prosecuted by Anna F. Sanborn only.

A number of errors are assigned upon the supposed insufficiency of the evidence. Without setting forth the facts shown, it will suffice to say that, while the evidence as to appellant was largely circumstantial, it was, in our judgment, sufficient to take the case to the jury.

Complaint is also made of the admission of evidence relating to prior independent offenses, and the case of *State v. Smith*, 103 Wash. 267, 174 Pac. 9, is relied upon as authority to sustain these assignments, but in that case it was said:

"To establish guilty intent, unlawful motive, or criminal knowledge, it is permissible to show that the act charged against the defendant was one in a series of similar ones; but beyond this, the state cannot go . . ."

Here, by the language of the act itself, intent to sell, etc., is made an element of the crime charged, and the fact that possession is also made *prima facie* evidence of an intent to sell, does not alter the situation, as the presumption thus raised is rebuttable, and the state cannot be compelled to rely upon such *prima facie* showing, but may and should, in its case in chief, produce all of the evidence it may have tending to show intent. *State v. Hessel,* 112 Wash. 53, 191 Pac. 637; *State v. Bravin,* 120 Wash. 545, 207 Pac. 949.

Errors are assigned upon the cross-examination of appellant; but the subjects so touched upon were first brought out in direct examination, and the cross-examination thereon was therefore proper. *State v. Morden,* 87 Wash. 465, 151 Pac. 832.

Errors are assigned upon a number of instructions given to the jury. Without detailed discussion it may

be said that the instructions as to aiding and abetting were proper under the statute. Rem. Comp. Stat., §§ 2007, 2260 [P. C. §§ 9132, 8695], and *State v. Malsogoff,* 88 Wash. 419, 153 Pac. 379. The instruction as to possession being *prima facie* evidence of intent, was proper under *State v. Meyers,* 121 Wash. 579, 210 Pac. 4, and *Pierriero v. United States,* 271 Fed. 912.

The contention that, by its instructions the court did not submit to the jury the claimed included offense of unlawful possession without intent to sell, cannot be sustained, because, if there be such an included offense, there was no evidence in this case upon which such a verdict could be based, and because appellant requested no such instruction. *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State v. Shaffer,* 120 Wash. 345, 207 Pac. 229, and *State v. Walker,* 104 Wash. 472, 176 Pac. 315. The other instructions complained of were properly given, and finding no error, the judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.