[No. 19178.  Department One.  July 14, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
KETCHUM *et al.*, *Appellants*.[1]

INTOXICATING LIQUORS (28, 50)—UNLAWFUL MANUFACTURE—EVI-
DENCE—SUFFICIENCY. The evidence sustains a conviction of the un-
lawful manufacture of intoxicating liquor, where one of the accused
was arrested while in direct charge of a still in a tent at a
secluded spot on land owned or leased by his codefendant, who was
clearing ground within fifteen feet of the tent.

INDICTMENT AND INFORMATION (101)—INTOXICATING LIQUORS (47)
—CONVICTION OF LESSER OFFENSE. Upon a prosecution for manufac-
turing liquor for the purpose of unlawful sale, it is error to refuse
to instruct the jury that the accused may be found guilty of the
lesser offense of manufacture without intent to sell.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered April 7, 1924, upon
a trial and conviction of the unlawful manufacture of
intoxicating liquor. Reversed.

*Joseph H. Smith,* for appellants.

*C. T. Roscoe, M. H. Forde,* and *Charles R. Denney,*
for respondent.

ASKREN, J.—An information was filed charging John
Ketchum and A. Hannon with the crime of manufac-
turing moonshine liquor for the purpose of sale, barter,
and exchange, and upon trial both defendants were
found guilty. This appeal followed.

Since taking the appeal Hannon died, so that it is
now prosecuted by Ketchum alone.

But two assignments of error are seriously urged in
this court. The first is that the evidence was insuffi-
cient to warrant the submission of the case to the jury.
The facts may be summarized as follows: Two deputy
sheriffs, armed with a search warrant, went to a tract

[1]Reported in 237 Pac. 511.

of ground at Lake Goodwin, in Snohomish county, which was owned or leased by the appellant Ketchum, and situated upon a peninsula or point of ground which extended out into the lake and was surrounded by brush and trees. There was a small cleared space in the center of the tract with a tent thereon in which a still was in operation. The appellant Hannon was in the tent in direct charge, and the appellant Ketchum outside the tent clearing the ground and within fifteen feet thereof. The appellant Ketchum was proprietor of a soft drink and confectionery business some thirty miles away, and a lessee of a dance pavilion in the same vicinity. Upon this state of facts, there was sufficient to submit the issue to the jury.

It seems to be argued by appellant that the case as a whole is also insufficient to justify the verdict of the jury. The appellant's defense was as follows: Hannon claimed that he was merely staying upon the property belonging to Ketchum until he should secure a job in another city, and that, without the knowledge or consent of Ketchum, he had gotten the still and put it in operation. Ketchum testified that he had permitted Hannon to use his place and that he had not been there for several days, and that he did not know the still was in operation there. Both appellants claim that, when Ketchum came on the premises at 10:00 o'clock in the morning and found the still in operation, he told Hannon to quit using the still and that Hannon promised that he would quit, but that he had not done so at 5:00 o'clock in the evening when the officers arrived. The appellant Ketchum testified in his own behalf as follows:

"Q. And he (Hannon) had not quit at five o'clock? A. No. He had the still in operation. He said he wanted to make some for his own use."

The jury were not bound to believe their testimony, and it was for them to say, under all the evidence in the case, what was the connection of each of the parties to the transaction. There was no error in submitting the case to them.

The second ground for reversal is that the court erred in refusing to submit the question of manufacture without intent to sell. This was reversible error. In fairness to the trial court it should be said that we had not at that time decided the case of *State v. Ditmar*, 132 Wash. 501, 232 Pac. 321, in which we held that, upon a charge of manufacturing liquor for the purpose of sale, there was included the lesser offense of manufacture. Since that case is decisive of this point and is controlling here, the judgment of the trial court is reversed with instructions to grant a new trial.

TOLMAN, C. J., PARKER, and MITCHELL, JJ., concur.