[No. 20369. Department One. February 11, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
MILLER, *Appellant*.[1]

[1] INTOXICATING LIQUORS (28, 51)—UNLAWFUL MANUFACTURE—IN-
STRUCTIONS. Upon a joint charge of unlawful manufacture of
intoxicating liquor, the jury is properly instructed that either
defendant may be found guilty if he was present, aiding,
abetting, assisting or counseling the other in the manufacture.

Appeal from a judgment of the superior court for
King county, Gilliam J., entered February 16, 1926,
upon a trial and conviction of the unlawful manufac-
ture of intoxicating liquor for the purpose of sale. Af-
firmed.

*Walter Metzenbaum,* for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respond-
ent.

FRENCH, J.—The appellant, jointly charged with one
J. R. Coombs with the crime of manufacturing intoxi-
cating liquor for the purpose of sale, was found guilty
in the justice court of King county, and an appeal was
taken to the superior court of King county, where he
was again found guilty, and sentenced.

The charging part of the complaint is as follows:

"They, the said William Miller and J. R. Coombs,
and each of them, in the county of King, state of Wash-
ington, on the 23rd day of November, 1925, wilfully
and unlawfully did manufacture intoxicating liquor,
to wit: a liquid containing alcohol and capable of be-
ing used as a beverage, commonly known as 'Moonshine
Whiskey', for the purpose of sale, barter and exchange
thereof."

On the trial, witnesses for the state testified that they
had located this still, together with some mash and a

[1]Reported in 253 Pac. 126.

quantity of finished product, in a tent or cabin about six miles from the town of Auburn, in King county; that they had secreted themselves alongside a trail leading from the highway to the cabin, and after waiting for about an hour, the two defendants, Miller and Coombs, passed them; that each of them had a five-gallon demijohn on his back; that after they had passed the officers and gone around the cabin, the officers placed them under arrest, and took them up the hill to a car belonging to the defendants. The car was situated about a quarter of a mile right up over the bluff on an old road, and in the car were two sacks of sugar, and appellants said that they had intended to go back to the car after the sugar and leave it at the still. The officers also testified that appellant said he had gotten the still from a man who owed him a debt; that he had not been running it very long, and that he had been receiving six dollars per gallon for the finished product. The defendant Coombs denied all knowledge of, or connection with, the still, and in this was corroborated by appellant and found not guilty by the jury.

[1] Appellant complains that the court erred in giving the following instruction:

"The defendants are charged jointly with the crime here alleged, and in that connection you are instructed that it is not necessary that both of these defendants should have personally manufactured the intoxicating liquor mentioned in the complaint herein. If either of these defendants was present, aiding, abetting, assisting or counseling the other in the manufacture of the intoxicating liquor mentioned in the complaint herein in the manner and by the means and with the intent set forth in the information herein and these instructions, then, such defendant would be as guilty as though he personally manufactured such intoxicating liquor."

We think this was a correct statement of the law applicable to the facts as outlined. *State v. Vane,* 105

Wash. 421, 178 Pac. 456; *State v. Ikeda,* 130 Wash. 325, 227 Pac. 14; *State v. Curtis,* 127 Wash. 273, 220 Pac. 769.

The only other error complained of is that the verdict was contrary to the law and the evidence.

A careful review of the testimony in this case convinces us that there was abundant evidence to be submitted to the jury, and that, if the state's witnesses were believed, the jurors were justified in arriving at the verdict which they reached.

The judgment is therefore affirmed.

MACKINTOSH, C. J., MITCHELL, MAIN, and FULLERTON, JJ., concur.