[No. 21115.  Department Two.  April 4, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. BLAINE
DAVIS, *Appellant*.[1]

[1] CRIMINAL LAW (250)—WEIGHT AND EFFECT OF EVIDENCE—QUES-
TION FOR JURY.  In a criminal prosecution, variances in the tes-
timony of witnesses present a matter for the determination of
the jury.

[2] INTOXICATING LIQUORS (28, 50)—UNLAWFUL MANUFACTURE—EVI-
DENCE—SUFFICIENCY.  In a prosecution for the unlawful manu-
facture of moonshine whiskey, although the still was in a se-
cluded place upon the land of another, the evidence was suffi-
cient to present a question for the jury, where it appeared that
the owner of the land was an aged, infirm man, generally con-
fined to his house, and that the still was close to the line fence
of defendant, and that mash from the still was spread on his
own land for his pigs.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered July 17, 1926,
upon a trial and conviction of the unlawful manufac-
ture of intoxicating liquor.  Affirmed.

*Gordon D. Eveland,* for appellant.

*Charles R. Denney,* for respondent.

HOLCOMB, J.—Appellant was convicted in the su-
perior court of the crime of manufacturing intoxicat-
ing liquor, namely: moonshine whiskey, for the pur-
pose of selling and disposing of the same, and judg-
ment and sentence entered thereon, from which he
appeals.

[1]  All his complaints of error relate to the alleged
insufficiency of the evidence to warrant the verdict and
judgment entered thereon.

While there are some apparent variances between
the evidence of some of the witnesses for the state

[1]Reported in 265 Pac. 736.

and one other witness, one Garka, a deputy sheriff, these contradictions were for the jury to reconcile and the jury may have believed the one against all of the other witnesses.

[2] A brief resume of the evidence shows that on a day in April, 1926, Garka, a deputy sheriff, located a still on property adjoining that owned and occupied by appellant and his brother. There were also six barrels of mash covered over with gunny sacking, an empty barrel, the one still, and a portion of another still found there. They were all within twelve to twenty feet of the line fence of the land belonging to appellant and his brother, although situated on the land of another. The owner of the land on which the barrels of mash and stills were found was an old man seventy-five years of age, who was infirm and ill so that he was generally confined to his house. The still and mash barrels were located in brush near a very small pond on the land of appellant and about a quarter of a mile from the house wherein appellant and his brother resided. There was another house belonging to appellant and his brother nearer to the still and barrels of mash in another direction.

On the next day after this discovery, Garka took the sheriff and two other deputies to a place near to where he had discovered the barrels of mash and the still. The other officers went within a few feet of the barrels of mash and saw appellant standing upon his own land with a sack in his hand, looking across at the barrels of mash. They watched him for two or three minutes. There were lanterns placed between each two barrels of mash for the purpose of heating the mash. These officers also found six barrels of mash, an empty barrel, a complete still, an incomplete still and five gallons of manufactured moonshine whiskey.

Appellant did not testify in his own behalf, but the explanation attempted to be made in his behalf by his brother and another witness was that he had arranged to sell some pigs to one Green, and Green was to come on that morning to get the pigs he had bargained for. About a half hour before the time of the arrival of Green, appellant took the sacks and went out looking for the pigs, which were allowed to run loose on the place.

When appellant was arrested, Green, the purchaser of the pigs, was between the barrels of mash and stills and the house. He was arrested and prosecuted also, but the charge against him was properly dismissed by the trial court.

There was also evidence on the part of the deputy sheriff Garka, that when he first saw the barrels of mash and still on the day before the other officers visited the place, he saw some pigs rooting in some old mash which had been dumped, about one hundred feet away from the barrels of mash, across the fence and on the land of appellant. On the next day, he also saw mash on the premises of appellant that the pigs had rooted in, but the other officers failed to observe it, which is a variance upon which appellant seizes as constituting contradiction between Garka and the other witnesses for the state. It was strictly the function of the jury to pass upon the credibility of all the witnesses, of both state and defense, and not ours.

The large quantity of mash in barrels being heated by lanterns, which must have been kept burning by someone; the mash being kept covered with sacks, which someone must have attended to; five gallons of manufactured moonshine whiskey being discovered at the same location, which must have been the finished product of operations conducted by someone; the

proximity of the barrels of mash and the stills to the land of appellant; and the unlikelihood of the owner of the land having any culpable knowledge or connection with the plant, owing to his condition; all constitute facts and inferences making the case one for the jury. The fact that the plant was upon the premises of another immediately adjacent to that of appellant, but just across the line fence of appellant, and that it was maintained in a somewhat secluded place, makes the inference to be drawn therefrom one that the jury evidently did draw, that appellant was the real operator of the plant.

The case bears some similarity in some of its features to that of *State v. Ketchum*, 135 Wash. 301, 237 Pac. 511, where two officers found two men in or near a tent in which a still was in operation. The facts and circumstances which we held sufficient to make a case for the jury there were no stronger than here. We there held that the jury were not bound to believe the testimony of appellant that the other defendant had been operating the still without his consent, and that it was for the jury to determine what connection the parties had with the operation of the plant.

The facts being sufficient for the jury, the judgment must be affirmed. It is so ordered.

MACKINTOSH, C. J., FULLERTON, ASKREN, and MAIN, JJ., concur.