[No. 21419. Department Two. November 5, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN HEPPELL *et al.*, *Appellants.*[1]

*E. C. Dailey,* for appellants.

*Charles R. Denney,* for respondent.

ASKREN, J.—An information was filed against the defendants Heppell, charging them with violation of the liquor laws of the state. The first count charged the possession, on June 30, 1927, with intent to sell, of two gallons of moonshine whiskey and four pints of beer. The second count charged the manufacture of moonshine whiskey. The defendants were convicted on count one, acquitted on count two; and appeal.

The evidence showed that the appellants reside close to Snohomish, and that the land on which they live abuts on a slough, about a hundred feet from their home. On the day in question, a deputy sheriff went

[1]Reported in 271 Pac. 335.

518

to their home and purchased six pints of beer. In company with other deputy sheriffs, he, later in the day, intercepted the appellants, driving from their home, and found that they had five gallons of moonshine whiskey in their car. From there, the deputies went to the appellants' home and searched it, but found no liquor there. Down by the slough, they found a boat and, looking across to the other side, saw a path leading therefrom. They went across the slough and about a hundred feet from the other side found a pressure tank, fifty gallons of mash in a barrel, some sugar and a copper boiler. They also found four pints of beer and a gallon and a half of moonshine whiskey.

The Heppels were then charged with the crime of bootlegging, based upon the carrying around of moonshine whiskey with intent to sell the same. This was predicated upon the fact that they were driving an automobile, which contained five one-gallon jugs of moonshine. Dan Heppell was found guilty, and Adelore Heppell was acquitted. Appeal was taken and the judgment of conviction affirmed. *State v. Heppell,* 148 Wash. 664, 269 Pac. 1046. The present information was then filed with results already noticed.

During the trial, the state offered the five one-gallon jugs of moonshine whiskey in evidence. This was objected to by appellants, who urged that they had already been tried upon a charge of bootlegging the same whiskey which included the offense of possession. It was admitted, however, for two purposes: first, upon the question of whether the liquor found across the slough was the appellants', and second, upon the question of manufacture.

Inasmuch as appellants were acquitted of the charge of manufacturing, that point is no longer in the case.

Upon the question of possession, the introduc-

tion of these jugs was admitted for the following reason: the moonshine found across the slough was of a certain peculiar brownish color, the contents of the five jugs was the same, and the jugs found across the slough corresponded with the five jugs found in the car. It will readily be seen that evidence that the appellants actually had physical possession of five gallons of moonshine, of the same color and in the same kind of containers as that found across the slough, a short distance from the home, would be competent for the jury to consider in determining the possession of that found across the slough.

In this connection, the trial court carefully and explicitly admonished the jury that they could not find the appellants guilty of possession with intent to sell, by reason of the fact, if they found it to be one, that the appellants had possession of five gallon jugs taken from the car.

Some complaint is made because of the fact that the jury were permitted to find the appellants' possession of the liquor across the slough, it being contended that the still and liquor were on land not owned or occupied by the appellants. We have already adverted to the close proximity of the liquor and still to the appellants' home; the path leading to the boat; the path leading up the other side of the slough into the brush where the still was found; the like color of the moonshine in the brush and that in appellants' car, and the similarity of the containers. The evidence was amply sufficient, its weight being for the jury. See, also, *State v. Ketchum,* 135 Wash. 301, 237 Pac. 511, and *State v. Davis,* 147 Wash. 361, 265 Pac. 736.

It is next urged that the two counts could not be lawfully joined in one, because it was the same liquor referred to in both counts. The position is untenable, and has been decided adversely to appellants'

contention in *State v. Peck,* 146 Wash. 101, 261 Pac. 779. See, also, *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844, and *State v. Brunn,* 145 Wash. 435, 260 Pac. 990.

Judgment affirmed.

FULLERTON, C. J., FRENCH, MAIN, and PARKER, JJ., concur.