[No. 21373.    Department Two.    February 11, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. W. L.
GALBRAITH, *Appellant*.[1]

[1] Reported in 274 Pac. 797.

*Joseph A. Albi,* for appellant.

*Charles W. Greenough* and *Carl P. Lang,* for respondent.

PARKER, J.—The defendant, Galbraith, was charged as follows:

"Count I. Comes now the prosecuting attorney in and for Spokane county, Washington, and charges the defendant, W. L. Galbraith, with the crime of being a jointist, committed as follows:

"That the said defendant, W. L. Galbraith, in the county of Spokane, state of Washington, on or about the 23rd day of April, 1927, then and there being, did then and there wilfully, unlawfully and feloniously conduct and maintain a place at West Branch for the unlawful sale of intoxicating liquor.

"Count II. And the prosecuting attorney, as aforesaid, further charges the said defendant, W. L. Galbraith, with the crime of liquor in possession with intent to sell, committed as follows:

"That the said defendant, W. L. Galbraith, in the county of Spokane, state of Washington, on or about the 23rd day of April, 1927, then and there being, did then and there wilfully and unlawfully have in his possession intoxicating liquor, to-wit; moonshine whiskey, with intent then and there to sell, barter and exchange the same."

Trial in the superior court for Spokane county, sitting with a jury, resulted in a verdict finding Galbraith guilty of being a jointist, as charged in count 1, and the rendering of a judgment thereon sentencing him to the penitentiary; and also a verdict finding him guilty of unlawful possession of intoxicating liquor with the intent to sell, as charged in count 2, and the rendering of a judgment thereon sentencing him to the county jail and to pay a fine, and an order suspending that sentence pending good behavior. From these judgments Galbraith has appealed to this court.

It is contended in behalf of appellant that the

trial court erred in allowing the prosecuting attorney to proceed to seek and obtain conviction upon both counts of the information as for two separate offenses of the same class charged therein under Rem. Comp. Stat., § 2059, as amended by Laws of 1925, Ex. Ses., p. 168 (Rem. 1927 Sup. § 2059). The argument proceeds upon the assumption that the misdemeanor charge of possession of intoxicating liquor, charged in count 2, is in law included in the felony charge of being a jointist, charged in count 1, and that therefore there cannot lawfully be separate charges and convictions as for two separate offenses. It may be conceded that if this assumption were correct, the argument would have substantial basis, but we have several times held that the misdemeanor of possession of intoxicating liquor is not, in law, included in the felony of maintaining a place for the unlawful sale of intoxicating liquor. *State v. Woods,* 116 Wash. 140, 198 Pac. 737; *State v. Bossio,* 136 Wash. 232, 239 Pac. 553; *State v. Kingsbury,* 147 Wash. 426, 266 Pac. 174. So, these being separate offenses, but of the same class, they were properly charged in separate counts of one information, and appellant was subject to conviction, if proven guilty, separately upon each count. *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844; *State v. Heppell,* 149 Wash. 517, 271 Pac. 335.

■ It is contended that the trial court erred to the prejudice of appellant in refusing to sustain his counsel's challenge to a certain juror for cause. The only cause shown was that the juror was at the time of the trial a member of our state senate, and to that extent only holding office or employment under our state government. The only statutory provision we have which can in any manner be regarded as pointing to the disqualification of this juror is the following language of Rem. Comp. Stat., § 330:

"A challenge for implied bias may be taken for any or all of the following causes, and not otherwise:—
"2. Standing in the relation of . . . master and servant, . . . to the adverse party; . . . or in the employment for wages of the adverse party; . . ."

In *State v. Lewis,* 31 Wash. 75, 71 Pac. 778, this court held that a justice of the peace was not subject to challenge as a juror upon the sole ground of his being such officer; the case in which he sat as a juror being a criminal prosecution by the state for larceny. No decision has been brought to our attention holding a member of the judiciary or legislative branch of the state or national government subject to challenge as a juror as for implied bias upon the sole ground of that relationship, in a criminal prosecution. 16 R. C. L. 274. There are decisions holding administrative officers or employees subject to challenge as jurors in cases where the state or national government is a party, solely because of their being such officers or employees, even in the absence of statute making that a cause for challenge; as in *Crawford v. United States,* 212 U. S. 183; a case wherein a postoffice employee was held disqualified as for implied bias in a Federal criminal prosecution relating to an alleged illegal contract for the sale of a device to the postoffice department. The reasons for such challenge, we think, do not apply to the qualification of our judicial or legislative officers, as jurors. Such officers are not prosecutors or under any control of the administrative branch of our county or state government.

■ It is contended that error occurred to the prejudice of appellant by the failure of the prosecuting attorney to timely serve and file a list of witnesses he intended to use upon the trial, as required by Rem. Comp. Stat., § 2050, as amended by the Laws of 1925,

Ex. Ses., p. 420 (Rem. 1927 Sup., § 2050). This prosecution was originally commenced by the filing of an information charging appellant only with the one offense of being a jointist, in one count. Soon thereafter the prosecuting attorney served upon counsel for appellant, and filed, a list of the witnesses he intended to use upon the trial. Thereafter the prosecuting attorney, by leave of the court, filed a new information upon which appellant was ultimately tried, charging appellant with being a jointist in count 1 thereof exactly as he was charged in the first information; and further charging appellant with unlawful possession of intoxicating liquor with intent to sell, in count 2. No further service or filing of names of the state's witnesses was made by the prosecuting attorney, but he did not use any witness upon this second trial other than those named in his prior list served and filed. Thus, appellant learned of all the witnesses ultimately used against him over a month before his second trial. Plainly, we think there was no error prejudicial to appellant because of the failure of the prosecuting attorney to serve and file a new list of the names of witnesses after the filing of the new information.

Error is claimed in behalf of appellant in the trial court's permitting a state's witness to testify to a sale of intoxicating liquor at the place in question some five months prior to the proximate date of the offenses, as charged. The date of the sale so testified to by this witness does seem somewhat remote from the proximate time charged, if viewed wholly apart from other testimony; but it appears by other testimony that soon after the making of this first sale, as testified to by the witness, other sales occurred, and were repeatedly made, at the place in question, up

to near the time charged as the proximate date of the offense. This, we think, rendered testimony of the first sale admissible, in any event, as a circumstance tending to show that the place in question was maintained as a joint from then up to about the time charged as the proximate date of the offense. *State v. Bravin,* 120 Wash. 545, 207 Pac. 949; *State v. Harkness,* 136 Wash. 691, 241 Pac. 297; *State v. Nelson,* 144 Wash. 370, 258 Pac. 24.

It appears that there was a former trial of this case. Whether it was upon the first or second information is not clear. However, that it was upon the charge of appellant's being a jointist, as charged in the first information, exactly as charged in the second information, is conceded by counsel upon both sides. Evidently, neither counsel considered it of any importance that the portion of the record of the case in the superior court be brought here showing exactly when or why this new trial became necessary. Upon the former trial a witness had testified for the prosecution. When this second trial occurred, the witness could not be found. Diligent search was made for him, and it was fairly well established that he had left the state and had gone to Montana, and could not be produced at the trial to testify. The prosecuting attorney, upon such showing, offered the testimony of the stenographer who had taken the testimony of this witness in shorthand upon the former trial, to prove the testimony of the witness given upon that trial. This was permitted over the objection of counsel for appellant, the trial judge evidently so ruling by the authority of Rem. Comp. Stat., § 2306.

This is claimed as error prejudicial to appellant. The argument is that the showing of diligence by the prosecution looking to the production of the witness at this second trial was not sufficient. While great

care must be exercised in such a case to see that there is an honest effort to produce the witness at the second trial, to the end that the accused may meet the witness face to face before the jury there trying him, if it is reasonably possible for the prosecution to so produce the witness, we are satisfied from this record that the showing made in that behalf by the prosecution was sufficient. 8 R. C. L. 88.

Some other claims of error are made in behalf of appellant. We have examined each of these carefully and are satisfied that they are without substantial merit. We think we are not called upon to go further than to say that they are not well grounded.

The judgments are affirmed.

FULLERTON, MAIN, and FRENCH, JJ., concur.