[No. 23109. Department Two. December 11, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. ALFRED E. ANDERSON *et al., Defendants,* WAYNE C. FULLER, *Appellant.*[1]

*A. C. Durham,* for appellant.

*Lawrence M. Keplinger* and *Frank M. Allyn,* for respondent.

TOLMAN, C. J.—Appellant was charged by information with the crime of arson in the second degree, tried to a jury which found him guilty, and from a judgment and sentence on the verdict, he has appealed.

Two others were charged with the same offense in the same information with him. One pleaded guilty

[1]Reported in 5 P. (2d) 994.

438

when arraigned. Appellant and his remaining co-defendant pleaded not guilty.

Upon the calling of the case for trial, and before a jury was impaneled, the prosecuting attorney directed the attention of the trial court to the fact that appellant's co-defendant, one Morgan, desired to change his plea; whereupon the court called the interested parties to the bench, and Morgan, with leave of the court, withdrew his plea of not guilty and entered a plea of guilty to the charge.

Appellant, through his attorney, then took exception to what he called the "dramatic incident" which had taken place, as he expressed it, "in the presence of the jury." The court, for purposes of making a record, said, in effect, that the whole matter was quietly conducted at the corner of the court's desk, and that, in his opinion, the jurors could not have heard what was said. The fact that later the state was permitted to indorse Morgan's name on the information, and to call him as a witness, seems, to the appellant, to aggravate the situation.

Of course, no jurors had then been selected to try the case; and whether any of the jurors afterwards selected were then in the court room, does not appear. At any rate, matters such as these are peculiarly within the discretion of the trial court; and unless we can say that the court abused its discretion, we can not interfere. There is nothing in the record to indicate an abuse of discretion by the trial court in this respect, and therefore we can not say that error occurred.

As already indicated, the defendant Morgan, after having entered his plea of guilty, testified on behalf of the state and gave evidence which was very detrimental to the appellant. He also testified that no promise of immunity had been made to him to induce

439

his testimony. Later, when Morgan appeared for sentence, the prosecuting attorney stated to the court that a friend of Morgan's who had been active in the matter told Morgan in his presence that he (the friend) would ask the court to be lenient if Morgan would plead guilty and turn state's evidence.

The prosecutor, though silent when the promise was made in his presence, was bound to nothing thereby, because the promise was not a promise of results, but only a promise to ask for results, and that by one having no authority. The incident, while proper to be considered by the court in passing upon a motion for a new trial, was not in and of itself cause for a new trial.

Appellant was charged as an accessory before the fact. It was the theory of the state, fully supported by the evidence, that appellant conceived the idea and planned the crime; that he hired Morgan to carry the plan into execution, promising to pay him three hundred dollars; and that Morgan, for a lesser sum, hired the third defendant to do the work which had been assigned to him. Under these conditions, in order to convict the appellant, it was necessary for the state to prove the guilt of both of the other defendants. Evidence offered of things done and said by the other defendants in the absence of the appellant were objected to, and the overruling of those objections is assigned as error. But by our previous holdings, it is well stated that, under these conditions, any evidence competent to prove the guilt of the other defendants if they had been on trial alone was also competent against the appellant. *State v. Mann,* 39 Wash. 144, 81 Pac. 561; *State v. Vane,* 105 Wash. 421, 178 Pac. 456; *State v. Lyda,* 129 Wash. 298, 225 Pac. 55.

Appellant's proposed instruction based upon the sit-

uation which we have just discussed was properly refused under the authorities already cited.

The proposed instruction on the subject of blackmail was also properly refused for a number of reasons, among which is the lack of any evidence to which such an instruction could apply.

We have attentively examined the entire record, and, failing to find any prejudicial error, the judgment is affirmed.

MILLARD, MAIN, HOLCOMB, and BEALS, JJ., concur.